THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN GEORGE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20 CV 6911 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, JAMES GARDINER | ) | Judge: Honorable Robert Blakey |
| CHARLES SIKANICH, CHICAGO | ) | |
| POLICE OFFICERS SOLOMON ING, | ) | Magistrate Judge: Honorable Beth Jantz |
| PETER PALKA, DANIEL SMITH, BILOS, | ) | |
| JOSEPH FERRARA, SERGIO CORONA, | ) | |
| ORTIZ, AND UNKNOWN CHICAGO | ) | |
| POLICE OFFICERS | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, Chicago Police Officers Ing and Corona, by and through one of their attorneys, Jennifer Kristine Bagby, Chief Assistant Corporation Counsel; Chicago Police Officers Palka, Smith, Ferrera, and Bilos, by and through one of their attorneys, Gregory Beck, Assistant Corporation Counsel Supervisor, (hereinafter "Defendant Officers"); and Defendant City of Chicago (hereinafter "Defendant City), by and through Celia Meza, Acting Corporation Counsel for the City of Chicago, (collectively "Defendants"), move to dismiss Plaintiff's Complaint in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Defendants state as follows:

## BACKGROUND[1]

The morning of August 19, 2019, Benjamin George (hereafter "Plaintiff") picked up a misplaced cellphone at a 7-11. Complaint, ECF Dkt. No. 1, ("Compl.") at ¶¶ 15, 16. Plaintiff left the 7-11 with the cellphone and held onto it throughout the day. *Id.* at ¶¶ 18-20. The cellphone belonged

---

[1] For purposes of this motion to dismiss, the factual allegations in Plaintiff's complaint are undisputed and are considered in the light most favorable to Plaintiff. In no way are Defendants conceding the correctness of Plaintiff's allegations.

1

to Defendant Charles Sikanich. *Id.* at ¶ 16. At some point after Plaintiff took the cellphone from 7-11, Sikanich reported to police that the cellphone had been stolen. *Id.* at ¶ 24.

Near the end of the workday, Plaintiff learned that police officers were at his home asking about the cellphone. *Id.* at ¶¶ 20, 25-26. Only after he learned this did Plaintiff inform the police that he had the cellphone and would return it. *Id.* at ¶¶ 26-27. Officer Ortiz instructed Plaintiff to take the cellphone to the police station. *Id* at ¶ 27.

Plaintiff arrived at the police station, gave the cellphone to an unknown police officer and sat down in the police station to wait. *Id.* at ¶¶ 35, 43-44. Soon after, unknown police officers came into the lobby and seized Plaintiff. *Id.* at ¶ 44. While Plaintiff was being detained, Sikanich and Officers Palka and Ortiz walked into the back of the police station with Detectives Smith and Bilos. *Id.* at ¶ 45. Sikanich swore out a criminal complaint against Plaintiff. *Id.* at ¶ 46; Exhibit 1 to Plaintiff's Complaint, Criminal Complaint for 191212723 (hereinafter "Criminal Complaint"). The officers who accompanied Sikanich to the back of the police station returned and arrested Plaintiff. Compl. at ¶ 47. Plaintiff was charged with misdemeanor theft of lost or mislaid property. *Id.* at ¶ 59; Criminal Complaint.

At some point after Plaintiff was arrested, an unknown police officer called him a gypsy and threatened to charge him with a felony. Compl. at ¶ 47. While Plaintiff was in the lockup at the police station, Officer Ortiz said something to the effect of "I believe you, I wasn't going to arrest you, but this person has power and I have bosses." *Id.* at ¶ 58. Plaintiff was released from state custody on August 20, 2019 at approximately 9:00p.m. *Id.* at ¶ 57. The criminal case was stricken off with leave to re-instate on September 5, 2019. Compl. at ¶ 60.

Plaintiff brings the following claims against Defendant Officers: §1983 false arrest (Count I); § 1983 equal protection (Count II); state law malicious prosecution (Count IV); and state law conspiracy to commit malicious prosecution (Count V). Plaintiff also brings an indemnification claim

against Defendant City (Count VI). *See generally*, Compl. Defendants move to dismiss all claims prejudice.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12 (b)(6), a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The court is not obligated to accept a complaint that simply raises the possibility of relief. *EEOC v. Concentra Health Services., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Rather, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss, the court accepts as true all well-pled facts alleged by the plaintiff and all reasonable inferences to be drawn therefrom. *See Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). The "court need not accept as true 'legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *V. Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (*quoting Ashcroft*, 556 U.S. at 678).

## ARGUMENT

The Court should dismiss Plaintiff's claims against Defendants Ing and Ferrara because he has failed to plead facts demonstrating that they were personally involved in any of the alleged misconduct. Even if he did (he did not), the Court should still dismiss Plaintiff's claims against Defendants Ing and Ferrara along with his claims against all the other Defendant Officers because his claims are facially deficient.

**I. PLAINTIFF FAILED TO PLEAD THAT DEFFENDANTS ING AND FERRARA WERE PERSONALLY INVOLVED IN THE ALLEGED MISCONDUCT**

Plaintiff's claims against Defendants Ing and Ferrara are deficient because Plaintiff has not pled any facts to suggest they were personally involved in the alleged misconduct. To survive a motion to dismiss, Plaintiff must plead "factual content that allows the court to draw the reasonable inference

that the **defendant** is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (*emphasis added*). "An individual cannot be held liable in a §1983 action unless he caused or participated in an alleged constitutional deprivation." *Jenkins v. Keating*, 147 F.3d 577, 583 (7th Cir. 1998).

Here, Plaintiff brings false arrest, equal protection, malicious prosecution, and conspiracy claims against Defendants Ing and Ferrara. Yet Plaintiff pleads no facts to support his claims against these defendants. Plaintiff's complaint contains 130 paragraphs. The only times that Defendants Ing and Ferrara are mentioned in the complaint are in the opening paragraph and in the paragraph alleging that they were "duly appointed and sworn law enforcement officers." Compl. at ¶ 10. Plaintiff's complaint contains specific factual allegations that are directed against each of the other defendants, but it contains none that are directed against Defendants Ing and Ferrara. In short, Plaintiff has failed to plead facts that would allow this court to infer that Defendants Ing and Ferrara are liable for any alleged misconduct. Thus, Plaintiff's complaint must be dismissed as to Defendants Ing and Ferrara.

## II. PLAINTIFF'S CLAIMS AGAINST DEFENDANT OFFICERS ARE DEFICIENT

The allegations in Plaintiff's complaint are insufficient to state a claim for false arrest, equal protection, malicious prosecution, or conspiracy. Because Plaintiff has failed to plead a substantive claim, his indemnification claim must also be dismissed.

### A. The False Arrest Claim Fails Because Probable Cause Existed for the Arrest

The Court should dismiss Plaintiff's false arrest claim because the allegations in the complaint establish that Defendant Officers had probable cause to arrest Plaintiff. To prevail on a § 1983 claim for false arrest, a plaintiff must show that he was arrested without probable cause. *See T. Brooks v. City of Chicago, et al.*, 564 F.3d 830, 832 (7th Cir. 2009); *Neita v. City of Chicago, et al.*, 830 F.3d 494, 497 (7th Cir. 2016). "'Probable cause exists if at the time of the arrest, the facts and circumstances within the officers' knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to

4

commit an offense.'" *Williamson v. Curran*, 714 F.3d 432, 441(7th Cir. 2013) (*quoting Mucha v. Vill. Of Oak Brook*, 650 F.3d 1053, 1056 (7th Cir. 2011). "The complaint of a single witness or putative victim alone generally is sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate." *Beauchamp v. City of Noblesville, IN, et al.*, 320 F.3d 733, 743 (7th Cir. 2003). "The existence of probable cause does not depend on the truth of a complaint of wrongdoing." *Williamson, 714 F.3d at 441* (*citing Mustafa v, City of Chicago*, 442 F.3d 544, 548 (7th Cir. 2006)). Officers may reasonably rely on the information provided by a putative victim or witness, even if the suspect denies the accusation of wrongdoing. *Id.* (internal citations omitted).

In the present case, Plaintiff was arrested for theft of lost or mislaid property. Compl. at ¶ 59. A person commits this crime when he obtains control over the property and

(a) Knows or learns the identity of the owner or knows, or is aware of, or learns of a reasonable method of identifying the owner, and

(b) Fails to take reasonable measures to restore the property to the owner, and

(c) Intends to deprive the owner permanently of the use or benefit of the property.

720 ILCS 5/16-2.

The allegations in the complaint demonstrate that Defendant Officers had probable cause to arrest Plaintiff for theft of lost or mislaid property. Plaintiff was arrested after Sikanich swore out a criminal complaint against him for this crime. Compl. at ¶ 46-47, 59; Criminal Complaint. Defendant Officers were not present when the alleged theft occurred and therefore have no personal knowledge about what happened. When Sikanich travelled to the police station and swore out a complaint under penalty of perjury, Defendant Officers were entitled to rely on the information provided to them. Plaintiff does not plead any facts to suggest that Defendant Officers should have been suspicious of Sikanich's complaint. Quite the opposite. Plaintiff admits that he took a cellphone from a 7-11 that did not belong to him, and that he kept the cellphone throughout the day. *Id.* at ¶¶ 15-16, 18-20. The

cellphone belonged to Sikanich, and Sikanich reported to the police that the cellphone had been stolen. *Id.* at ¶¶16, 24. The first time Plaintiff informed the police that he had the cellphone and would return it was after he learned that police officers were at his home asking about the cellphone. *Id.* at ¶¶ 20, 25-27. These allegations do not suggest that Defendant Officers should have disbelieved Sikanich's complaint. Rather, they bolster Sikanich's claim that Plaintiff had committed theft. Because the allegations in the complaint show that Defendant Officers had probable cause to arrest Plaintiff, his false arrest claim fails on its face and must be dismissed.

### B. The Equal Protection Claim Is Insufficiently Pled

The Court should dismiss Plaintiff's equal protection claim because the complaint does not allege enough facts to state a claim. Generally, equal protection claims involve charges of singling out members of a vulnerable group for unequal treatment or allegations that a law or policy makes irrational distinctions between groups of people. See *Bell v. Duperrault*, 367 F.3d 703, 707 (7th Cir. 2004). Although rare and difficult to prove, a plaintiff may bring an equal protection claim as a class of one. See *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To succeed on a class-of-one equal protection claim, Plaintiff must prove (1) he has been "intentionally treated differently from others similarly situated" and (2) "there is no rational basis for the difference in treatment." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601–02 (2008) (quoting *Village of Willowbrook*, 528 U.S. at 564).

#### 1. Plaintiff Failed to Allege Similarly Situated People Were Treated Differently

Plaintiff has failed to plead facts plausibly showing that he is similarly situated to a group of individuals who were treated differently. To be similarly situated, individuals "must be identical or directly comparable in all material aspects." *Chicago Studio Rental, Inc. v. Ill. Dep't of Commerce*, 940 F.3d 971, 980 (7th Cir. 2019). Plaintiff must "show that [he] was treated different than another [person] that is prima facie identical in all relevant respects." *Id.* "Although this is not a precise formula, it is

6

nonetheless clear that similarly situated individuals must be very similar indeed." *United States v. Moore*, 543 F.3d 891, 896-97 (7th Cir.2008).

In *Hanes v. Zurick*, 578 F.3d 491, 492 (7th Cir.2009), one of two feuding neighbors alleged that regardless of who called the police, officers always showed up and arrested the plaintiff because they did not like him. The plaintiff had been arrested at least eight times; his neighbor, never. *Id.* The Seventh Circuit held that the plaintiff stated a claim under a class-of-one theory. *Id.* at 496. In *Ciechon v. City of Chicago*, 686 F.2d 511, 515–16 (7th Cir.1982), paramedics responded to a 9–1–1 call and treated a victim who later died. After the victim's family publicly criticized the manner in which the situation was handled, one of the paramedics was suspended and fired. *Id.* at 516. The other paramedic who responded to the call was equally responsible for patient assessment and treatment and suffered no consequences. *Id.* at 522–23. The Seventh Circuit affirmed the district court's grant of summary judgment for the plaintiff, holding that "[t]here was no possible justification for treating [the similarly situated paramedics] differently." *Id.* at 523. In both of those cases, the discriminatory nature of the plaintiffs' claims could be ascertained by comparing the plaintiffs to similarly situated individuals who were treated more favorably.

Without such a comparison, the requisite allegations of discrimination are lacking. In *Bell v. Duperrault*, 367 F.3d 703 (7th Cir.2004), a landowner made a request to the Wisconsin Department of Natural Resources to extend his pier. The Department denied his request and required him to pursue the process through an administrative hearing. *Id.* at 705-706. The Seventh Circuit affirmed entry of summary judgment for the department because the landowner failed to show that anyone whose petition was granted was similarly situated in terms of the content and timing of their requests. *Id.* at 707. In *McDonald v. Village Winnetka*, 371 F.3d 992 (7th Cir. 2004), the plaintiff's house caught fire twice within two days. *Id.* at 994–96. After an investigation was conducted, the village attributed the second fire to arson. *Id.* at 998. The plaintiff claimed that the village discriminated against him by not

7

ruling out all non-arson causes before making an arson determination. *Id.* at 1003. Among other things, the Seventh Circuit held that the plaintiff presented no evidence of any other fire for which evidence of arson was as strong or for which evidence of a non-arson cause was of similar or lesser weight and, thus, no evidence of similarly situated persons. *Id.* at 1005–06.

Although *Bell* and *McDonald* were decided on motions for summary judgment, the rationale in those decisions is instructive. Plaintiff's claim here does not fail for lack of proof. Rather, it fails for lack of sufficient allegations to raise the possibility that Plaintiff has any comparators who are "prima facie identical in all relevant respects." *See Moore*, 543 F.3d at 895-96. In short, Plaintiff has failed to adequately plead the comparators that the plaintiffs in *Bell* and *McDonald* pled but failed to prove.

Plaintiff states that "Defendants intentionally treated Plaintiff differently than similarly situated individuals, and departed from norm or common practice, acted with animus, and acted with discriminatory motive with no rational basis for doing so." Compl. at ¶ 96. These allegations are nothing more than inadequate, "abstract recitations of the elements of a cause of action or conclusory legal statements" that the *Brooks* court held to be unacceptable. *See Brooks*, 578 F.3d at 581. Although Plaintiff does not explicitly identify this alleged group of "similarly situated individuals," he presumably seeks to compare himself to individuals in unrelated criminal investigations who were accused of a crime by the alleged victim of that crime. The harm Plaintiff alleges is that he was arrested. Similarly situated individuals not subject to that harm would include every person who was accused of a crime by the alleged victim of that crime and was not arrested. The purported class of comparators is infinite.

Similar complaints have been dismissed for failing to plead the "similarly situated" requirement with requisite specificity. *See Austin v. Varga*, 2011 WL 3841826, at *5 (N.D. Ill. Aug. 25, 2011) (dismissing an equal protection claim for failing to plead that Plaintiff has comparators who are "prima facie" identical in all relevant respects where Plaintiff's group of similarly situated individuals would include every person who was not arrested based on false witness statements and every individual

8

from whom exculpatory evidence was not withheld by the defendants); *Muczynski v. Lieblick*, 769 F. Supp. 2d 1129, 1136–37 (N.D. Ill. 2011) (dismissing a complaint as insufficiently pled where Plaintiff's group of similarly situated persons would include all people who were peacefully enjoying the security of their home who were not arrested on false charges).

The Seventh Circuit has explained that the requirement to allege and prove that "similarly situated" persons were treated differently is necessary to prevent class-of-one claims from constitutionalizing all tort law:

> The reason that there is a "similarly situated" requirement in the first place is that at their heart, equal protection claims, even "class of one" claims, are basically claims of discrimination. Even if McDonald was wronged here, we do not believe that he has shown the wrong to be discriminatory in nature. Every time an actor commits a tort, he may be treating the victim differently than he frequently treats others, simply because tortious conduct is by nature a departure from some norm. Nonetheless, the purpose of entertaining a "class of one" equal protection claim is not to constitutionalize all tort law nor to transform every claim for improper provision of municipal services or for improper conduct of an investigation in connection with them into a federal case. Therefore, we believe a meaningful application of the "similarly situated" requirement is important to avoiding a distortion of the scope of protection in "class of one" equal protection claims.

*McDonald*, 371 F.3d at 1009.

The reasoning of *McDonald* is persuasive. If Plaintiff's allegations here are held to be sufficient to state an equal protection claim, then a vast number of intentional torts by state actors would also be the basis of such claims. Plaintiff's theory of class-of-one equal-protection claims would allow a plaintiff to satisfy the discrimination requirement simply by alleging that other law-abiding persons were not subject to unlawful treatment. If such allegations were sufficient, the scope of class-of-one claims would be distorted to include almost any intentional tort committed by a state actor. An officer who arrests someone without probable cause or uses unreasonable force on an arrestee is certainly treating the victim differently than persons who have not been subject to false arrest or excessive force; and, almost by definition, those illegal acts are undertaken without a rational basis in the law. Class-of-one equal-protection claims must be limited to those in which the plaintiff pleads, with

9

requisite specificity, that similarly situated persons were not subject to the specific conduct of which the plaintiff complains. Because Plaintiff has failed to do so, the Court should dismiss this claim.

### 2. The Complaint Fails to Eliminate A Rational Basis for Any Disparate Treatment

Even if Plaintiff pled enough facts to plausibly show that he is similarly situated to a group of individuals who were treated differently (he did not), the Court should still dismiss Plaintiff's equal protection claim because the complaint fails to eliminate any rational basis for the alleged difference in treatment. "The rational-basis requirement sets the legal bar low and simply requires a rational relationship between the disparity of treatment and some legitimate governmental purpose." *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013). "[T]o get past a Rule 12(b)(6) motion to dismiss on a class-of-one equal protection claim, a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 546 (7th Cir.2008). The burden is on plaintiff "to eliminate any reasonably conceivable state of facts that could provide a rational basis for the classification." *Srail v. Village of Lisle, Ill.*, 588 F.3d 940, 946-47 (7th Cir.2009).

Here, Plaintiff alleges that Defendants "intentionally treated Plaintiff differently than similarly situated individuals, and departed from norm or common practice, acted with animus, and acted with discriminatory motive with no rational basis for doing so." Compl. at ¶96. Again, these allegations amount to nothing more than conclusory legal statements that are insufficient for purposes of withstanding a motion to dismiss. *See Brooks*, 578 F.3d at 581. To support his claim that there was no rational basis for the alleged difference in treatment, Plaintiff claims Officer Ortiz stated "I wasn't going to arrest you, but this person has power and I have bosses" and that an unknown officer mocked his Romanian ethnicity by calling him a gypsy. Compl. at ¶¶ 91, 95. Plaintiff does not set forth any facts to suggest that Defendant Palka, Defendant Smith, Defendant Bilos, Defendant Ferrara, or Defendant Corona acted with a discriminatory motive or personal animus toward him.

Even if he did, allegations of animus do not overcome the presumption of rationality. *See Flying J Inc.*, 549 F.3d at 546-47. To the contrary, "a given action can have a rational basis and be a perfectly logical action for a government entity to take even if there are facts casting it as one taken out of animosity." *Id.* at 547. "If [the Court] can come up with a rational basis for the challenged action, that will be the end of the matter—animus or no." *Fares Pawn, LLC v. Indiana Dep't of Fin. Insts.*, 755 F.3d 839, 845 & n.2 (7th Cir. 2014). Any conceivable rational basis will do. It does not need to be the actual basis for defendant's actions. *Chicago Studio Rental*, 940 F.3d at 980; see Srail, 588 F.3d at 946–47 (explaining that "any rational basis will suffice, even one that was not articulated at the time the disparate treatment occurred"). So, the proper question in the present case is this: Does the complaint reveal a rational basis for treating Plaintiff differently notwithstanding any alleged animus? The answer is yes.

The complaint alleges that Sikanich arrived at the police station and swore out a criminal complaint against Plaintiff. Compl. at ¶ 46. This suggests an objectively rational basis to arrest Plaintiff and not another individual accused of committing a crime, even if the Defendant Officers were subjectively motivated by a desire to curry favor with Sikanich or by personal animus toward the Plaintiff. It is rational to arrest a suspect when the victim of the alleged crime travels to the police station to swear out a criminal complaint against the suspect under penalty of perjury while declining to arrest a suspect accused of committing a crime where the alleged victim does not swear to the facts of the complaint under oath. Of course, Plaintiff maintains that political connections may also plausibly explain why he was arrested. "But the test for rationality does not ask whether the benign justification was the actual justification. All it takes to defeat the [Plaintiff's] claim is a conceivable rational basis for the difference in treatment." *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686–87 (7th Cir. 2013). Because Plaintiff has failed to eliminate any reasonably conceivable state of facts that could

11

provide a rational basis for the alleged disparate treatment, the Court should dismiss his equal protection claim.

### C. The Malicious Prosecution Claim Is Facially Deficient

The Court should dismiss Plaintiff's malicious prosecution claim because the allegations in the complaint establish that Defendant Officers did not commence or continue the criminal proceeding and that the criminal charges were supported by probable cause. To bring a claim for malicious prosecution under Illinois law, a plaintiff must show: (1) the commencement or continuance by the defendant of an original judicial proceeding against him; (2) the termination of the proceeding in his favor; (3) the absence of probable cause for the proceeding; (4) malice; and (5) damages. *Barnes v. City of Centralia*, 943 F.3d 826, 833 (7th Cir. 2019); *see also Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996). The absence of any one element precludes the claim. *Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009) (*citing Swick v. Liautaud*, 662 N.E.2d 1238, 1242–43 (Ill. 1996)).

#### 1. The Allegations in the Complaint Show That Defendant Officers Did Not Commence or Continue A Criminal Prosecution Against Plaintiff

To begin with, the Court should dismiss Plaintiff's malicious prosecution claim because Defendant Officers did not commence or continue the criminal proceeding. "In Illinois, criminal proceedings are commenced by the filing of a complaint, an indictment, or an information." *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 922 (7th Cir. 2001) (citing 725 ILCS 5/111-1 (West 1996)).

Here, the only criminal proceeding commenced against Plaintiff was the misdemeanor charge for theft of lost or mislaid property. Plaintiff's complaint makes perfectly clear that the criminal proceeding against him was commenced by Sikanich, not Defendant Officers. *See* Compl. at ¶¶ 46, 59; Criminal Complaint. Specifically, on August 19, 2019, Sikanich signed a misdemeanor complaint charging Plaintiff with theft of lost or mislaid property. *See* Criminal Complaint. Consequently, Defendant Officers did not commence a criminal prosecution against Plaintiff.

12

Nor did they *continue* a criminal proceeding against Plaintiff. The Illinois Supreme Court has acknowledged that prosecutors are presumed to have independent discretion to commence or continue a criminal proceeding. *Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 44. This presumption can be overcome when the defendant played a significant role in the criminal case. *Id.* However, if a private citizen knowingly gives false information to a detective or prosecuting attorney, it is impossible for the detective or prosecuting attorney to exercise their independent discretion, and a prosecution based upon that false information is solely attributable to the private citizen. *Randall v. Lemke*, 311 Ill. App. 3d 848, 851 (2000).

Here, Plaintiff alleges that Sikanich instigated a police investigation by falsely reporting that his cellphone had been stolen and then filled out a criminal complaint in which he falsely accused Plaintiff of stealing the cellphone. Compl. at ¶¶ 46, 103-105. As such, but for the allegedly false information provided by Sikanich, Defendant Officers would have never arrested Plaintiff, and Plaintiff would not have been prosecuted. The allegedly false information made it impossible for Defendant Officers to exercise their independent discretion. Because the allegations in the complaint show that Defendant Officers neither commenced nor continued the criminal prosecution, Plaintiff's malicious prosecution claim fails on its face and must be dismissed.

### 2. The Allegations in the Complaint Show That There Was Probable Cause to Charge Plaintiff with Theft

Plaintiff's malicious prosecution claim fails for a second and independent reason – namely, the criminal charges against him were supported by probable cause. Probable cause is an absolute bar to an action for malicious prosecution. *Turner v. Chicago*, 91 415 N.E.2d 481, 485 (1st Dist. 1980). A reasonable ground for belief of an accused's guilt may be on information from other persons as well as on personal knowledge. *Johnson v. Target Stores, Inc.,* 341 Ill. App. 3d 56, 71-72 (2003). Moreover, the complainant is not required to verify the correctness of each item of information obtained; it is sufficient to act with reasonable prudence and caution. *Id.* In addition, if the victim of the crime

13

supplies police with the information forming probable cause, there is a presumption that the information is inherently reliable. *Sang Ken Kim v. City of Chicago*, 368 Ill. App. 3d 648, 655 (2006). "The pertinent time for making the probable cause determination is the time when the charging document is filed, rather than the time of the arrest." *Porter v. City of Chicago*, 393 Ill.App.3d 855 (2009).

The misdemeanor complaint was filed in this case on August 20, 2019. *See* Criminal Complaint. The complaint does not allege any facts to show that the evidence supporting probable cause was different at the time charges were filed than it was at the time Plaintiff was arrested. And, as discussed above, the allegations in the complaint establish that Defendant Officers had probable cause to arrest Plaintiff. As such, the criminal proceedings were supported by probable cause and Plaintiff's malicious prosecution claim must be dismissed.

### D. The Conspiracy Claim Must Be Dismissed

The Court should dismiss Plaintiff's conspiracy claim because he failed to plead an underlying state law tort claim. Even if he did (he did not), the Court should still dismiss his conspiracy claim as it amounts to nothing more than a conclusory assertion.

#### 1. Plaintiff Failed to Plead an Underlying State Law Tort Claim

Plaintiff's conspiracy claim fails because he failed to plead an underlying claim. "Civil conspiracy claims cannot stand where there are no underlying intentional torts that defendants could have conspired to perform." *Farwell v. Senior Servs. Assocs., Inc.*, 970 N.E. 2d 49, 58 (Ill. S.Ct. 2012).

Here, Plaintiff claims that Defendant Officers conspired to commit malicious prosecution. *See* Compl. at ¶¶ 120-125. As discussed above, Plaintiff has failed to state a claim for malicious prosecution. It follows then that Plaintiff's conspiracy claim must be dismissed.

#### 2. The Complaint Does Not Set Forth Facts to Support the Conspiracy Claim

Plaintiff's conspiracy claim must also be dismissed because it is insufficiently pled and woefully inadequate. To succeed on a state law claim of civil conspiracy, Plaintiff must establish "(1) an

14

agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff." *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509 (7th Cir. 2007). "The agreement is a necessary and important element of this cause of action." *Id.* "A defendant who innocently performs an act which happens to fortuitously further the tortious purpose of another is not liable under the theory of civil conspiracy." *Id.*

Plaintiff's complaint in the present case makes no mention of any agreement between anyone to do anything, let alone commit malicious prosecution. Plaintiff alleges that "Defendants acted in concert in a conspiracy," "Defendants, acting in concert, conspired to accomplish an unlawful purpose by unlawful means," and "each of the Defendant co-conspirators committed overt acts, and . . . was a willful participant." Compl. at ¶¶ 121, 122, 123. These allegations are insufficient for purposes of surviving a motion to dismiss. *See Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (N.D. Ill. 1999) (holding that a conspiracy claim was inadequately pled when "there is no indication of when an agreement between [the defendants] was formed, what its terms were . . ., or what [each defendant's] role was in the [agreement]"). As such, Plaintiff's conspiracy claim must be dismissed.

### E. The Indemnification Claim Cannot Stand

Because Plaintiff has failed to state an underlying claim for liability, the Court should dismiss his indemnification claim against Defendant City. *See Baskins v. Gilmore*, 2018 WL 4699847, at *12 (N.D. Ill. Sept. 30, 2018) ("[a]n indemnification claim necessarily will be tied to an underlying claim for liability").

### CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that this Honorable Court grant their Motion to Dismiss in its entirety and for any other just relief.

Date:  February 19, 2021

Respectfully submitted,

*/s/ Jennifer K. Bagby*
Jennifer K. Bagby
Chief Assistant Corporation Counsel
On behalf of Defendants Corona and Ing


*/s/ Gregory Beck*
Gregory Beck
Assistant Corporation Counsel Supervisor
On behalf of Defendants Palka, Smith, Bilos, and Ferrara


CELIA MEZA
Acting Corporation Counsel for the City of Chicago

BY:     /s/Joi Kamper
Assistant Corporation Counsel Supervisor
On behalf of Defendant City of Chicago

Jennifer K. Bagby, Chief Assistant Corporation Counsel
Jordan Yurchich, Assistant Corporation Counsel
Nicholas Perrone, Assistant Corporation Counsel
City of Chicago, Department of Law
Federal Civil Rights Litigation Division
2 N. LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 742-6408
Jennifer.Bagby@CityofChicago.org
Attorneys for Defendants Corona and Ing

Gregory Beck, Assistant Corporation Counsel Supervisor
Elizabeth Hanford, Assistant Corporation Counsel
Emily Bammel, Assistant Corporation Counsel
Federal Civil Rights Litigation Division
2 N. LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 742-5146
Gregory.Beck@CityofChicago.org
Attorneys for Defendants Palka, Smith, Bilos, Ferrara

Caroline Fronczak, Deputy Corporation Counsel
Joi Kamper, Assistant Corporation Counsel Supervisor
Nicholas Peluso, Assistant Corporation Counsel
Federal Civil Rights Litigation Division
City of Chicago, Department of Law

2 N. LaSalle Street, Suite 420
Chicago, Illinois 60602
T: (312) 744-0226
Joi.Kamper@cityofchicago.org
Attorneys for Defendant City of Chicago

## CERTIFICATE OF SERVICE

   I hereby certify that on February 19, 2021, I served a copy of **DEFENDANTS' JOINT MOTION TO DISMISS** upon all parties via their attorneys of record by causing it to be filed by the CM / ECF system.

                     */s/ Gregory Beck*
                     Gregory Beck