**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Benjamin George, | |
| PLAINTIFF, | |
| v. | |
| City of Chicago, James Gardiner, Charles Sikanich, Chicago Police Officers Solomon Ing (#4117), Peter Palka (#9413), Daniel Smith (#20066), Bilos (#21010), Joseph Ferrara (#233), Sergio Corona (#3331), Ortiz (Star # unknown), and Unknown Chicago Police Officers, | Case No: 20-cv-6911<br><br>Judge: Honorable Robert Blakey<br><br>Magistrate Judge: Honorable Beth Jantz |
| DEFENDANTS. | **JURY TRIAL DEMANDED** |

**DEFENDANT CITY OF CHICAGO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COUNT VI OF PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INDEMNIFICATION OF DEFENDANTS SIKANICH AND GARDNIER**

Defendant, CITY OF CHICAGO ("City"), by and through its attorney, Celia Meza, Acting Corporation Counsel for the City of Chicago, hereby submits the following reply in support of its Motion to Dismiss Count VI of Plaintiff's First Amended Complaint ("FAC"), for indemnification of Defendants Sikanich and Gardiner only, as alleged against the City, and states in support of its motion as follows:

**Introduction**

Plaintiff has argued that the City's motion to dismiss to deny indemnification to Defendants Gardiner and Sikanich is premature and, further, that he has pled enough facts to show that Gardiner and Sikanich were acting within the scope of their employment. Plaintiff relies on case law that is distinguishable from the facts of this case. Further, the facts as pled by Plaintiff show that neither Gardiner nor Sikanich could be reasonably acting within the scope of their respective job duties. For

1

these reasons, Count VI for indemnification of Defendants Sikanich and Gardiner only should be dismissed.

I.  **Argument**

   a. **Plaintiff's complaint pleads facts that Sikanich and Gardiner were *not* acting within the scope of their employment, therefore, a dismissal of Count VI is not premature.**

Contrary to Plaintiff's claim in his response, the *Doe* Court did not establish that a scope of employment determination cannot be made before meaningful discovery can be conducted. *See Doe v. City of Chicago*, 360 F.3d 667 (7th Cir.2004). The *Doe* Court found that the scope of employment issue cannot be resolved if facts concerning the officer's conduct that are relevant to the scope issue are in dispute. *Doe* at 673.However, when under the facts as alleged by the plaintiff, as is the case here, the scope issue can be decided against the plaintiff as a matter of law, there is no reason to defer resolution. *Klingler v. City of Chicago*, No. 15-CV-1609, 2017 WL 4742192 (N.D. Ill. Oct. 20, 2017). The *Doe* case involved a factual basis that was in dispute as to the officer's actions. Here, if Plaintiff's claims regarding Sikanich and Gardiner as pled in his First Amended Complaint are all true, their actions cannot be considered to be within the scope of their employment.

The *Doe* court also involved a defendant police officer. Whether the scope of employment of a police officer may be broader than that of other professions, due to the unique nature of their authority and training, was central to the court's consideration. *Doe,* at 673. As part of their analysis, the *Doe* court considered the fact that a policer "officer is armed, has authority to arrest that is considerably broader than the authority of a private person to make a "citizen's arrest," has access to all sorts of personal information, is an authority figure trained to develop and project an intimidating aura, and may seem to be above the law." *Id.* at 671. Here, neither Sikanich nor Gardiner are police officers and do not wield the powers of police officers. According to the facts alleged in Plaintiff's complaint, Gardiner and Sikanich lied to the police and attempted to act as if they were police in an

attempt to effectuate Plaintiff's arrest for the theft of Sikanich's personal cell phone. There would be no need to do this if their own employment granted them such authority. *Id.* at 673.

Plaintiff also incorrectly relies on this Court's orders in *Mitchell v. City of Elgin* and *Miles v. City of Dolton,* for the proposition that indemnification depends on the outcome of liability and therefore this Court should find City's motion premature. However, this is an incorrect reading of this Court's orders in those cases. In neither case, do the municipalities challenge their employees' scope of employment. *See Mitchell,* 2016 WL 492339 , 2016 WL 492339 (N.D. Ill February 2016 (J. Blakey); *Miles,* 2016 WL 1161293 (N.D. Ill March 2016 (J. Blakey) In fact, in both cases, the Defendant municipalities moved to dismiss the claims, and as a matter of course, the indemnification claims against the municipalities to the extent claims failed. This Court held consistently in both cases, that because certain claims survived the motions to dismiss, so would the indemnification claim. *See Mitchell* at *10; *Miles* at *8.

In this case, The City has stated that even if the claims proceed against Gardiner and Sikanich, the City should not be held liable for their actions because their actions, as pled in Plaintiff's complaint, are not within the scope of their employment. Therefore, Count VI of Plaintiff's Complaint against Defendant City should be dismissed.

**b. Plaintiff's response fails to address the lack of factual support in his pleading to place Gardiner and Sikanich in the scope of their employment.**

Plaintiff attempts to argue that Plaintiff has pled sufficient facts to establish that Gardiner and Sikanich acted within the scope of their employment, but rather than rely on the allegations contained in his complaint, Plaintiff adds new facts to his response to now attempt to support his position. In his response, Plaintiff claims that Gardiner and Sikanich's actions at all times alleged in the complaint were for the purpose of "interacting with constituents" and "surveying the overall conditions of the Ward by repeatedly driving down streets in a streets and sanitation truck." *See* Plaintiff's response,

ECF NO. 46, p. 6. Plaintiff also claims that Gardiner was performing a legislative function by "consulting with and accompanying police officers on their work – as he and his Ward Superintendent Sikanich did on August 19, 2019 [as] part of his duty to represent his Ward residents' interests." *See id.*

Plaintiff cannot have it both ways. Plaintiff is arguing in his response that Sikanich and Gardiner were merely "surveying the Ward"; "interacting with constituents"; and "representing his Ward resident's interests" when they attempted to retrieve the personal cell phone of Sikanich. But Plaintiff pleads in his complaint they used harassing and illegal tactics to do so. According to Plaintiff, Gardiner called Plaintiff and accused [him] of stealing Sikanich's cell phone, [and Gardiner used] "profane, accusatory, and inflammatory language". *See* Plaintiff's First Amended Complaint, ECF 37 at ¶32. Further Plaintiff claims that in a conversation with Plaintiff's roommate, Gardiner asked "Why do you let that piece of shit live in your home?". *See Id.* ¶34. According to Plaintiff, all of this is part of his function to "interact with citizens"; "survey the ward"; or "represent his Ward resident's interests".

Plaintiff's complaint alleges that Gardiner and Sikanich knowingly filed false charges against Plaintiff (*Id.* at ¶148); abused their City office when they took police action on their own (*Id.* at ¶ 129); and that these actions were so severe as to shock the conscience (*Id.* at ¶ 130). This Court must assume that the facts pled are true and that the actions taken by Gardiner and Sikanich were so severe, that Plaintiff lost his home; his emotional distress so severe, he was psychiatrically committed, and caused him to move from the state[1]. If these facts are true, then no reasonable person would then argue that these individuals are serving a legislative function or merely surveying the Ward. Plaintiff's

---

[1] "[The] Court must construe the Complaint in the light most favorable to Plaintiffs, accept as true all well-pleaded facts and draw reasonable inferences in their favor". *Miles v. Vill. of Dolton*, No. 2016 WL 1161293, at *2 (N.D. Ill. Mar. 23, 2016) (internal citations omitted)

complaint clearly alleges that the actions of Sikanich and Gardiner are well outside the scope of these duties when they went to extreme lengths to retrieve a personal cell phone of Sikanich.

Plaintiff argues that whether an act is forbidden by a municipality is not dispositive of the question of whether actions were taken within the scope of employment. In support of this statement, Plaintiff cites to *Gaffney v. City of Chicago*, in which a minor shot another minor with a gun that he gained access to as it was owned by a Chicago police officer and negligently stored. *Gaffney v. City of Chicago,* 302 Ill. App. 3d 41 (1st Dist. 1999). The issue in that case was whether the officer's negligent storage of his firearm was enough to hold the City liable on a *respondeat superior* theory of liability. *Id.* at 41. In that case, the Court held that there was enough factual evidence to reverse the trial court's judgment notwithstanding the verdict as to whether the storage of the gun fell within the scope of the officer's employment. *Id.* at 52. The Court found that there were enough factual disputes that the jury could reasonably find that the obligation to store a weapon properly was within the scope of the officer's employment because the City had requirements of proper storage and the officer had a duty to respond to emergencies. *Id.* Thus, finding that the negligent storage was arguably within the scope of the officer's employment, the jury was reasonable in finding the City liable as the officer's employer.

Plaintiff also cites[2] to *Wilson v. City of Chicago*, a "Burge" case where City argued that Burge's actions were not within the scope of his employment as the City did not condone Burge's interrogation tactics. *Wilson v. City of* Chicago, 120 F.3d 681 (7th Cir. 1997). However, the 7th Circuit found that Burge's motivations were not personal, but rather motivated to benefit his employer, the City. *Id.* at 685. Here, the facts at issue do not show that Gardiner or Sikanich's actions were motivated, in any way, to serve their employer and they are not in dispute. It is clear from the facts that this was a

---

[2] Plaintiff also cites to two other 7th circuit cases to support his claims, but they are not instructive. *Coleman v. Smith* addresses a situation in which the City employees sought indemnification from their employer because the employer made certain admissions in its pleadings which would bind it to their actions. *Coleman v. Smith*, 814 f.2d 1142, 1149 (7th Cir. 1987). *Hibma v. Odegaard,* was a case arising out of Wisconsin, and thus interpreting Wisconsin's indemnification statute, and thus is of no value here. *Hibma v. Odegaard,* 769 F.2d 1147, 1151 (7th Cir. 1985).

personal cell phone of Sikanich and based on the theft of his personal cell phone, Sikanich sought criminal charges against Plaintiff for that theft. Neither Gardiner nor Sikanich could have been motivated to do any of the things they are alleged to have done to benefit the City of Chicago. Harassing constituents and filing false charges in pursuit of the retrieval of a personal cell phone clearly not do not benefit the City as it leads to lawsuits (like this one). Nor could the City anticipate that these actions would be taken as the actions described in Plaintiff's complaint are of a kind that would be so unusual as to be unforeseeable to the City regarding an alderman and his streets and sanitation superintendent.

Plaintiff's complaint as to Sikanich and Gardiner alleges extreme acts taken by two individuals whose only goal was to retrieve a personal cell phone of a person who happened to be a City employee. Their interactions with Plaintiff and his roommate were also solely to achieve that goal, and Plaintiff does not plead any facts to suggest that any of these activities were within the scope of employment of Gardiner and Sikanich. Therefore, Count VI should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the City respectfully requests that this Honorable Court dismiss, with prejudice, Count VI of Plaintiff's Complaint.


DATED: May 14, 2021                                 Respectfully submitted,

                                                    CELIA MEZA
                                                    Acting Corporation Counsel for the City of
                                                    Chicago

                                    BY:     /s/ Caroline Fronczak
                                                    Deputy Corporation Counsel
                                                    On behalf of Defendant City of Chicago

Caroline Fronczak, Deputy Corporation Counsel
Joi Kamper, Assistant Corporation Counsel Supervisor
Nicholas Peluso, Assistant Corporation Counsel
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
312.744.5126 (Phone)
caroline.fronczak@cityofchicago.org
Attorney No. 6284817

**CERTIFICATE OF SERVICE**

I hereby certify that, on **May 14, 2021**, I submitted with the Clerk for the Northern District of Illinois using the Court's electronic filing system or CM/ECF **The City of Chicago's Motion to Dismiss Count VI of Plaintiff's First Amended Complaint.**

> */s/ Caroline Fronczak*
> Caroline Fronczak
> Deputy Corporation Counsel

8