IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Benjamin George,** | ) | |
| | ) | Case No. 20-cv-06911 |
| Plaintiff, | ) | |
| | ) | Hon. Judge Blakey |
| v. | ) | |
| | ) | Hon. Magistrate Judge Jantz |
| **City of Chicago, James Gardiner,** | ) | |
| **Charles Sikanich, Chicago Police Officers** | ) | |
| **Solomon Ing, Peter Palka, Daniel Smith,** | ) | |
| **Bilos, Joseph Ferrara, Sergio Corona,** | ) | |
| **Ortiz, and Unknown Chicago Police** | ) | |
| **Officers,** | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

**DEFENDANTS JAMES GARDINER'S AND CHARLES SIKANICH'S
REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants James Gardiner ("Gardiner") and Charles Sikanich ("Sikanich"), (collectively, "Movants"), by and through their attorney, Thomas D. Carroll of Thomas R. Raines Attorney at Law, LLC, hereby Reply in Support of their Motion to Dismiss Counts I-V of Plaintiff's First Amended Complaint (the "Complaint" or "Cmplt."), with prejudice, pursuant Federal Rule of Civil Procedure 12(b)(6). In support, Movants state as follows:

**ARGUMENT**

Plaintiff's effort to redeem the deficiencies in his Complaint by way of his Response to the Movants' Motion to Dismiss (Dkt. 47 – "the Response"), should not be indulged, and the Complaint should be dismissed with prejudice for lack of a plausible set of claims, based on the analytic framework set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and its progeny. Failing that, Counts I-III of the Complaint should be dismissed because they lack the fundamental aspect of a Section 1983 action as it pertains to the Movants – actions taken "under color of state law."

1

Finally, the bare-bones allegations of Counts IV and V, alleging malicious prosecution and a conspiracy to commit malicious prosecution among Movants and the Defendant police officers (the "Officers") should be dismissed for lack of plausibility, and because the nature of the alleged conspiracy is unclear and insufficiently-alleged.

    I.    <u>Plaintiff Fails to Allege a Plausible Plan or Conspiracy to Deprive Him of Rights Under *Iqbal*</u>.

Plaintiff takes issue with Movants characterization of his allegations in the Complaint, never recognizing the distinction between well-pleaded concrete facts that the Court must take as true, and the sorts of vague, speculative or conclusory allegations that *Iqbal* counsels courts to disregard. This is apparent from the Response's "Brief Factual Background." <u>Dkt. 47, pp. 1-2</u>.

In the Brief Factual Background, Plaintiff attempts to finesse his way out of shoddy pleading. Thus, we learn for the first time that "Gardiner coordinated with police throughout the day…" <u>Dkt. 47, p. 2</u>. In the Complaint itself, Gardiner never comes into contact or speaks with any police officers at any point, and Sikanich only does so at the end of the odyssey, when he arrives at the Police Station to file a police report.

We are told that Gardiner "accompanied police on investigations in the past" for the first time – a transparent attempt to shore-up the failure to allege actions taken under color of state law.

We learn, only via the Response, that one of the Officers' vague statement that he was not going to arrest George, "but this person has power and I have bosses" somehow demonstrates that, "[a]ll Defendants were participants in the plan to falsely arrest and charge George for his crime without probable cause." <u>Dkt. 47, p. 2</u>. The Complaint does not articulate or allege underlying facts to support the existence or purpose of such a plan, yet Plaintiff demands that the

Court infer one out of thin air, because he needs a conspiracy to meet his pleading burden for state action.

We are reminded in the factual background that the Complaint rests, in substantial part, on the conclusory allegation that when Gardiner first learned that Sikanich lost his cell phone he insisted that Sikanich should report the phone as stolen, not lost, despite (somehow) knowing that it was merely lost. Cmplt., ¶¶ 21-24; Dkt. 47, p. 2. Per the Complaint, the plan to maliciously prosecute and deprive Plaintiff of his civil rights was hatched early in the day, initially between Sikanich and Gardiner, despite no insinuation that they knew who had the phone, despite no factual background in the Complaint suggesting why they elected to do so.

Plaintiffs are not bound to probe all the motives and states of mind of a given defendant at the pleading stage according to Rule 9(b), but conclusory allegations, absent any coherent factual context from which a court might infer intent, cannot sustain a complaint under such circumstances. See *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 753 (7th Cir. 2021).

The *Iqbal* plausibility analysis also applies to the allegations that Gardiner went to Plaintiff's home, spoke with Plaintiff directly on the phone – during which discussion Plaintiff assured him that he was taking the phone directly to the 16th District Police Station – and, after being so assured, instructed Sikanich to have the Plaintiff "locked up!" Cmplt., ¶¶ 29-35. Absent a non-conclusory factual context for Gardiner's alleged determination to see Plaintiff arrested, regardless of his actions or intentions, the sequence described is implausible. Plaintiff attempts to paper-over this flaw with vague suggestions that Gardiner and Sikanich make a habit of abusing their authority as City officials. Cmplt., ¶¶ 89, 92-94. The allegations are so vague that the Court should not entertain them as indicating a pattern or practice of arbitrary political abuse.

An alleged conspiracy has to make some sense to meet the plausibility test, despite the Plaintiff's insistence that the reasons why Movants might have acted in the ways they allegedly did are "irrelevant" to the considerations set forth in *Iqbal*. Dkt. 47, pp. 7-8. "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663-64 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). There is no concrete factual basis in the Complaint from which the Court could reasonably infer that Movants hatched a plan to have Plaintiff arrested for returning a misplaced phone from the moment they realized that the phone was misplaced, then doggedly pursued the plan throughout the day, while enlisting the aid of police officers who were (apparently) just as dedicated to spite for its own sake as Gardiner and Sikanich. Absent such a comprehensible plan, Movants' actions on the day in question look like little more than efforts to recover a missing cell phone.

Plaintiff misunderstands the role of plausibility in federal pleadings, when he asserts: "[s]o long as [the] Complaint fairly apprises Defendants of the facts that make up the elements of the claims brought against them – as it plainly does, and with greater specificity than is needed at this stage – Plaintiff has satisfied his pleading obligations." Dkt. 47, p. 5. He goes on to reference Fed. R. Civ. P 8(a). The problem is not that the Movants cannot understand what the Plaintiff is alleging; the problems are that (a) there is insufficient factual background – i.e. context – to render the allegations plausible, and (b) in Counts I-III, the necessary element of state action by the Movants is absent.

As the Appellate Court has observed:

> By emphasizing a plausibility requirement, *Twombly* and *Iqbal* obviously require more than mere notice. When ruling on a motion to dismiss, the court must review the complaint to determine whether it contains "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support liability for the

> wrongdoing alleged. *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955; *see also Brooks,* 578 F.3d at 581. An inadequate complaint will not survive a motion to dismiss simply because the defendants managed to figure out the basic factual or legal grounds for the claims.

*Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014). One could allege a vast, detailed conspiracy, as was the case in both *Iqbal* and *Twombly*, but without enough hard, non-conclusory allegations of fact to support a reasonable inference that the conspiracy existed in the first place, such a complaint cannot survive.

Put simply, it has to make *some* sense that the Movants allegedly decided to treat a missing phone as stolen despite knowing it was missing, spent their respective days tailing and visiting the Plaintiff's home, determined to have Plaintiff arrested for theft despite his personal assurance that he would return it to the police station, enlisted the aid of Chicago Police in pursuit of the conspiracy, and, once he had returned it, insisted that he be arrested anyway, going so far as to file a knowingly-false police report in order to deprive the Plaintiff of his civil rights. Plaintiff's Complaint lacks plausibility. It relies almost entirely on conclusory allegations about the nature and motives of the purported conspiracy on which Counts I-V rely. It should be dismissed with prejudice.

II. <u>Plaintiff's Complaint Does Not Sufficiently Allege Actions by the Movants Taken Under Color of State Law</u>.

Plaintiff's Response does not come close to addressing the fundamental problem with suing the Movants under Section 1983 for the actions alleged in Counts I-III the Complaint. He argues that a legislator, Gardiner, and his Ward Superintendent, Sikanich, acted under color of state law simply because they are City officials, regardless of whether their alleged actions in the Complaint had any nexus with their duties or powers as such.

5

Plaintiff mangles the clear rule of *Wilson v. Price*, which is that an alderman who serves a "purely legislative" function may not be said to take action under color of state law under Section 1983 when he engages in behavior that has no relationship to his legislative duties as an alderman. See *Wilson v. Price*, 624 F.3d 464 (7th Cir. 2010); see also *Honaker v. Smith,* 256 F.3d 477, 484-85 (7th Cir. 2001); *Wragg v. Village of Thornton,* 604 F.3d 464, 467 (7th Cir. 2010). That rule applies whether the alderman in question (or a Ward Superintendent acting at his behest) is alleged to have ordered a citizen to move some cars and assaulted him (as in *Wilson*) or engaged in a "vigilante" police investigation and prosecution. See *Id.*; see also Cmplt., ¶ 114. Driving a City truck does not transform an alderman's superintendent into a police officer. Cmplt. ¶ 28.

Carrying some sort of city-issued "badge" does not transform an alderman or his superintendent into a police officer. Cmplt. ¶ 95. Nor even does identifying oneself as an alderman while going to a person's home and inquiring about a missing phone. Plaintiff goes so far as to argue that the Court should simply "infer" that the Movants flashed their badges at some point during the day as part of their efforts to harm the Plaintiff. Dkt. 47, p. 11. No such allegation is made in the Complaint, and if it were, it is not clear what it would demonstrate. There is no state action by either Movant without a plausible conspiracy between them and the Officers, and no plausible conspiracy has been alleged. The failure to allege state action by the movants dooms Counts I-III, which should be dismissed.

### III. All Five Counts Pertaining to Movants Should Be Dismissed Because the Alleged Conspiracy Underlying All of Them is Ill-Defined and Implausible.

Plaintiff insists that he has met the requirements for pleading a claim of joint action under color of state law set forth in *Brokaw v. Mercer Co..*, 235 F. 3d 1000 (7th Cir. 2000), without meaningfully explaining how. Dkt. 47, p. 12. *Brokaw* instructs that to plead such a conspiracy –

6

the same sort of conspiracy which in this case logically underlies Counts IV and V as well – plaintiffs must describe the "who, what, when, why and how." *Id*. at 1016. Plaintiff's explanation of how the complaint satisfies those requirements illustrates the deficiencies in the Complaint, specifically, because the "why" is so glaringly absent from the pleadings themselves.

Plaintiff argues, in a conclusory statement for the ages, that the "why" which animated the purported conspiracy among all of the Officers and the Movants was "animus, spite and ego." Dkt. 47, p. 12. This is character assessment posing as an allegation of fact sufficient to animate a conspiracy claim. The question is not "why" are the Movants and the Officers the sorts of people who might deprive an innocent person of his civil rights (presumably because they are egotistical and spiteful), it is "why" did they conspire to deprive this particular innocent person of his civil rights in this particular instance under these particular circumstances? The Complaint is silent on that question, failing to describe the circumstances or nature of the Movants' and Officers' "meeting of the minds" in any detail, and failing to provide any hint about what purposes they sought to achieve, especially *after* the lost (but not stolen) cell phone was in police/Sikanich's possession. Likewise, there is no insinuation about why Gardiner instructed Sikanich to have Plaintiff "locked up" *after* he was told that Plaintiff had the phone and was *en route* to the police station to return it.

The Plaintiff is not charged with providing evidence or proving his case at the pleading stages, but to satisfy the *Iqbal* plausibility standard under Rule 12(b)(6), a conspiracy claim has to jibe with common experience and common sense, couched within a sufficient factual background for the Court to make sense of it all. Plaintiff's Complaint fails on that front, and should be dismissed.

    IV.    Plaintiff's Assertion that the Movants Waived Arguments or Tried to Circumvent Page Limits Does Not Cure the Basic Defects in His Complaint.

Plaintiff has no choice but to rely on his implausible conspiracy to carry the weight of Counts I-V of his Complaint, as it pertains to the Movants. So he engages in a bit of distraction, suggesting that Movants' passing reference to the Officers' motion to dismiss is an attempt to incorporate them by reference and circumvent the page limit restrictions in this District. Dkt. 47, pp. 13-15. Movants did not say anything suggesting that they wish to incorporate the Officers' arguments as their own and it is not remotely clear what effect that would have, given that the Officers' arguments will presumably stand or fall on their merits, as the Court perceives them. Only the alleged overlap between the Officers' actions and the Movants' actions are relevant to the Movant's position. And that alleged overlap is scant, at best. However, if the Court is inclined to interpret the Movants' statement of "agreement" on page 14 of its Motion to Dismiss as an effort to incorporate the Officers' motion into their own, Movants will gladly disclaim any such effort and waive any such arguments as their own.

**CONCLUSION**

Plaintiff's First Amended Complaint did not cure the defects of the original, and should be dismissed. It fails to allege a plausible conspiracy among the Movants and the Officers. It fails to allege state action by the Movants. It fails to provide a sufficient factual background from which the Court may understand or infer a basis for the Movants' alleged actions. Presumably, if Plaintiff could allege such a conspiracy with sufficient detail, he would have in his second effort at pleading. Counts I-V fail as a matter of law, and the Movants, Charles Sikanich and James Gardiner, should be dismissed as defendants, with prejudice.

WHEREFORE, the Defendants, James Gardiner and Charles Sikanich, move this honorable Court to grant their Motion to Dismiss Counts I – V of Plaintiff's Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), and for any additional relief that the Court deems just.

        Respectfully Submitted,
        THOMAS R. RAINES
        ATTORNEY AT LAW, LLC

        /s/ Thomas D. Carroll
        Thomas D. Carroll
        Thomas R. Raines Attorney at Law, LLC
        20 N. Wacker Dr., Suite 556
        Chicago, IL 60606
        T: (312) 750-1166
        F: (312) 750-1164
        tcarroll@traalaw.com

Dated: May 14, 2021

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record for the Defendants, hereby certifies that on May 14, 2021 he served a copy of the Defendants James Gardiner's and Charles Sikanich's Reply in Support of their Motion to Dismiss Plaintiff's Complaint on all counsel of record by electronic means via the Northern District of Illinois's Electronic Case Filing (ECF) system, which notifies all counsels and parties of record.

        /s/ Thomas D. Carroll
        Thomas D. Carroll