IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

| | |
|---|---|
| **Benjamin George,** ) | |
| ) | Case No.     20-cv-06911 |
| Plaintiff, ) | |
| ) | Hon. Judge Blakey |
| v. ) | |
| ) | Hon. Magistrate Judge Jantz |
| **City of Chicago, James Gardiner,** ) | |
| **Charles Sikanich, Chicago Police Officers** ) | |
| **Solomon Ing, Peter Palka, Daniel Smith,** ) | |
| **Bilos, Joseph Ferrara, Sergio Corona,** ) | |
| **Ortiz, and Unknown Chicago Police** ) | |
| **Officers,** ) | |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |

## DEFENDANTS JAMES GARDINER'S
## ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant James Gardiner ("Defendant"), by and through his attorney, Thomas D. Carroll of Thomas R. Raines Attorney at Law, LLC, hereby Answers Plaintiff's First Amended Complaint as follows:

1. Defendant denies that Plaintiff's rights were violated and states that the remainder of paragraph 1 requires no answer.

2. Denied.

3. Denied.

4. Defendant does not currently object to the court's jurisdiction.

5. Defendant does not currently object to the venue of this matter.

6. Defendant lacks information sufficient to form a belief about whether the Plaintiff is a U.S. Citizen. Defendant admits that Plaintiff once lived in the Northern District's geographical area.

1

7. Admitted.

8. Admitted.

9. Admitted.

10. Defendant lacks information sufficient to form a belief about the identities or particular information alleged regarding the "Defendant Officers."

11. Denied.

12. Denied.

13. Admitted that the complaint is directed at the parties individually.

14. Defendant lacks information sufficient to form a belief about Plaintiff or the allegations of paragraph 14.

15. Admitted as to Plaintiff. Defendant lacks information sufficient to form a belief about who else was present.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Defendant lacks information sufficient to form a belief about Plaintiff's activities or phone calls, as alleged.

21. Admitted.

22. Denied.

23. Denied.

24. Admitted that Sikanich reported the phone stolen. Denied in all other respects.

25. Defendant lacks information sufficient to form a belief about Plaintiff's activities that day.

26. Defendant lacks information sufficient to form a belief about phone calls received by Plaintiff or what was said.

27. Defendant lacks information sufficient to form a belief about phone calls received by Plaintiff or what was said.

28. Defendant lacks knowledge sufficient to form a belief about the allegations of paragraph 28.

29. Admitted that Gardiner visited George's roommate at his home. Admitted that Gardiner is/was a firefighter. Denied as to the remainder of paragraph 29.

30. Denied.

31. Admitted that Plaintiff's roommate called Plaintiff. Denied as to the remainder of paragraph 31.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied, except that Plaintiff went to the police station at some point.

42. Defendant lacks information sufficient to form a belief.

43. Defendant lacks information sufficient to form a belief.

44. Defendant lacks information sufficient to form a belief.

45. Defendant lacks information sufficient to form a belief.

46. Defendant lacks information sufficient to form a belief.

47. Defendant lacks information sufficient to form a belief.

48. Defendant lacks information sufficient to form a belief.

49. Defendant lacks information sufficient to form a belief.

50. Defendant lacks information sufficient to form a belief.

51. Admitted that Sikanich was in the police station at some point, and denied as to the remainder of paragraph 51.

52. Admitted that the attached complaint appears to be an accurate copy, and denied as to the remainder of paragraph 52.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Defendant lacks information sufficient to form a belief.

58. Defendant lacks information sufficient to form a belief.

59. Denied.

60. Defendant lacks information sufficient to form a belief.

61. Defendant lacks information sufficient to form a belief.

62. Defendant lacks information sufficient to form a belief.

63. Defendant lacks information sufficient to form a belief.

64. Defendant lacks information sufficient to form a belief.

65. Defendant lacks information sufficient to form a belief.

66. Defendant lacks information sufficient to form a belief.

67. Defendant lacks information sufficient to form a belief.

68. Defendant lacks information sufficient to form a belief.

69. Defendant lacks information sufficient to form a belief.

70. Defendant lacks information sufficient to form a belief.

71. Defendant lacks information sufficient to form a belief.

72. Defendant lacks information sufficient to form a belief.

73. Denied, except as to the apparent charges.

74. Defendant lacks information sufficient to form a belief.

75. Defendant lacks information sufficient to form a belief.

76. Defendant lacks information sufficient to form a belief.

77. Denied.

78. Defendant lacks information sufficient to form a belief.

79. Defendant lacks information sufficient to form a belief.

80. Defendant lacks information sufficient to form a belief.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Admitted.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Admitted that the City issues aldermanic badges and denied as to the remainder of the paragraph.

96. Defendant incorporates his answers to paragraphs 1-95 into paragraph 96.

97. Defendant lacks information sufficient to form a belief.

98. Denied, except as to the fact that Plaintiff was in possession of Sikanich's phone.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Defendant incorporates his answers to paragraphs 1-110 into paragraph 111.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Defendant incorporates his answers to paragraphs 1-121 into paragraph 122.

123. Admitted, except as to the legal conclusion regarding liability under Sec. 1983, which is denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Defendant incorporates his answers to paragraphs 1-133 into paragraph 134.

135. Denied.

136. Denied.

137. Admitted that the case appears to have been disposed without a conviction.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Defendant incorporates his answers to paragraphs 1-141 into paragraph 142.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Defendant incorporates his answers to paragraphs 1-147 into paragraph 148.

149. Admitted.

150. Denied.

151. Admitted.

152. Denied.

# DEFENSES

## Defendant's Alleged Actions Were Not "State Action" For Purposes of Section 1983.

1. Plaintiffs bring their claims pursuant to 42 U.S.C. Sec. 1983, which provides a private right of action for violations of constitutional rights taken "under color of state law."

2. Plaintiffs allege throughout their Complaint that the Defendant acted and incurred liability in his individual capacity, while also alleging, in conclusory fashion, that he acted "under color of state law."

3. The two allegations are fundamentally contradictory, and if the former is true, the latter cannot be.

4. Absent coordinated action among private individuals or entities and state actors, which is only alleged in conclusory fashion, there is no such thing as Section 1983 liability for defendants acting in their individual capacities.

5. If the allegations of the complaint were true, they would constitute a significant departure from the Defendant's legislative and aldermanic duties, and would not constitute state action for purposes of Section 1983.

## Defendant's Alleged Actions Were Subject to Qualified Immunity

1. According to the Supreme Court, a government official alleged to have violated a plaintiff's legal or civil rights has qualified immunity from liability for such violations.

2. To assert a defense of qualified immunity in response to an alleged legal or civil rights violation, a defendant must demonstrate that he or she was "performing discretionary functions… insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

3. Though the most outrageous and most speculative aspects of the complaint pertaining to defendant might be clearly illegal, acts like encouraging his deputy to file a police report, or trying to discover who had possession of the phone and visiting Plaintiff's roommate do not violate any clearly established rules or laws.

4. To that extent, Defendant is immune from civil damages because he was engaged in a discretionary government function that did not violate any "clearly established statutory or constitutional rights."

WHEREFORE, the Defendant, James Gardiner prays that this honorable Court deny all requested relief by Plaintiff, and for any additional relief that the Court deems just.

Respectfully Submitted,
THOMAS R. RAINES
ATTORNEY AT LAW, LLC

/s/ Thomas D. Carroll
Thomas D. Carroll
Thomas R. Raines Attorney at Law, LLC
20 N. Wacker Dr., Suite 556
Chicago, IL 60606
T: (312) 750-1166
F: (312) 750-1164
tcarroll@traalaw.com

Dated: April 21, 2022

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record for the Defendants, hereby certifies that on April 21, 2022 he served a copy of the Defendants James Gardiner's Answer and Defenses to Plaintiff's First Amended Complaint on all counsel of record by electronic means via the Northern District of Illinois's Electronic Case Filing (ECF) system, which notifies all counsels and parties of record.

/s/ Thomas D. Carroll
Thomas D. Carroll