THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN GEORGE, ) | |
| ) | |
| Plaintiff, ) | Case No. 20 CV 6911 |
| v. ) | |
| ) | |
| CITY OF CHICAGO, JAMES GARDINER ) | Judge John Robert Blakey |
| CHARLES SIKANICH, CHICAGO POLICE ) | |
| OFFICERS SOLOMON ING, PETER ) | Magistrate Judge Beth Jantz |
| PALKA, DANIEL SMITH, BILOS, ) | |
| JOSEPH FERRARA, SERGIO CORONA, ) | |
| ORTIZ, AND UNKNOWN CHICAGO ) | |
| POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | |

**QUALIFIED HIPAA AND MHDDCA PROTECTIVE ORDER**

Pursuant to Fed.R.Civ.P. 26(c), the Health Insurance Portability and Accountability Act of 1996 codified primarily at 18, 26 and 42 U.S.C., and 45 C.F.R. §§ 160 & 164, the parties to this action, by and through their respective counsel, have represented the following to the court, and the court finds:

A. The following words and terms are defined for purposes of this agreed, qualified protective order:

1. "Parties" shall mean Plaintiffs and Defendants and any additional party that this court may subsequently recognize as subject to this qualified protective order. This order would extend to all attorneys and insurers representing the Parties.

2. "HIPAA" shall mean the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 and 42 U.S.C. (2002).

1

3. "MHDDCA" shall mean Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1-17.

4. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2000).

5. "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identified the individual or which reasonably could be expected to identify the individual.

6. "Mental Health Communication" shall mean "communication" as that term is defined in MHDDCA.

7. "Mental Health Record" shall mean "record" as that term is defined in MHDDCA.

B. The Parties are familiar with HIPAA, MHDDCA, and the Privacy Standards.

C. The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI, Mental Health Communication, and/or Mental Health Records of parties, third parties, and non-parties to other parties, third parties and non-parties.

D. The Parties agree to the following terms and conditions:

1. The Parties agree to assist each other in the release of PHI, Mental Health Communication, and/or Mental Health Records by waiving all notice requirements that would otherwise be necessary under HIPAA, MHDDCA, and the Privacy Standards.

2. The Parties either seek or agree to the release of PHI, Mental Health Communication, and/or Mental Health Records specifically for, but not limited to, the following people, from the covered entity or entities identified in interrogatory answers, supplementary disclosures, deposition testimony, or other discovery tools.

### BENJAMIN GEORGE

3. The Parties agree not to use or disclose the PHI, Mental Health Communication, and/or Mental Health Records released in this proceeding for any other purpose or in any other proceeding.

4. The Parties agree to store all PHI, Mental Health Communication, and/or Mental Health Records while it is in their possession according to the Privacy Standards and MHDDCA.

5. The Parties agree at the termination of this proceeding to return all PHI, Mental Health Communication, and/or Mental Health Records obtained during the course of this proceeding to the attorney representing the person whose PHI, Mental Health Communication, and/or Mental Health Records was released during the course of this proceeding, and/or to dispose of the PHI, Mental Health Communication, and/or Mental Health Records released during the course of this

proceeding pursuant to the Privacy Standards, MHDDCA, and/or all applicable State and Federal statutes and regulations.

      6.     Nothing in this protective order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, or any other recognized objection to discovery.

Dated:  September 20, 2022          Entered:

                                                                             _____
                                                                             John Robert Blakey,
                                                                             United States District Judge