IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENAJMIN GEORGE,<br>　　　　　Plaintiff,<br>v.<br><br>THE CITY OF CHICAGO, James Gardiner, Charles Sikanich, Chicago Police Officers Solomon Ing (#4117), Peter Palka (#9413), Daniel Smith (#20066), Joseph Ferrara (#233), Sergio Corona (#3331), Ortiz (Star # unknown), and Unknown Chicago Police Officers<br><br>　　　　　Defendants. | Case No: 2-cv-6911<br><br>Hon. Judge Blakey<br><br>Hon. Mag. Judge Jantz<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S UNOPPOSED MOTION
## FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Plaintiff Benjamin George, by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 5.2(d) and Northern District LR26.2, submits the following Unopposed Motion to File Documents Under Seal, stating in support as follows:

1.　On October 21, 2022, Defendant City issued a Notice of Deposition for Plaintiff to proceed in person on November 9, 2022.

2.　Plaintiff intends to file a Motion for a Remote Deposition, which in its body and in its exhibits contains private medical and mental health information.

3.　Under Federal Rule of Civil Procedure 5.2(d), "The court may order that a filing be made under seal without redaction."

4.　Under Northern District of Illinois Local Rule 26.2(b), "good case" should be demonstrated when there is a request to file documents under seal.

5. In the instant case, the good cause is simple: Plaintiff intends to disclose private information related to his mental health and other private health information, including materials related to medical treatment exchanged in discovery pursuant to a protective order. These materials should not be on the public docket; Plaintiff's right to privacy of his medical information should be honored and preserved at this stage of proceedings to the extent possible. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) (Court may seal medical records and even limit their use in trial to extent that plaintiff's interest there in privacy outweighed probative value of information contained in records.)

6. Plaintiff now respectfully requests that this Court grant leave for him to file his Motion for Remote Deposition and its exhibits under seal.

7. Defendants will not be prejudiced by this motion; they will receive copies of the proposed sealed motion and its exhibits by email concurrent with its filing (and have already received copies of its exhibits in discovery). As noted below, Defendants further do not object to the filing of the motion and its exhibits under seal.

8. This Motion is not brought for improper purposes or delay.

9. Counsel for Plaintiff inquired to counsel for Defendants by email on October 27, 2022 regarding the instant Motion, and counsel for Defendants indicated that they did not object to the relief sought.

10. Accordingly, Plaintiff respectfully requests this Court to grant his Unopposed Motion to File Documents Under Seal.

Respectfully submitted,

/s/ Daniel E. Massoglia

*One of Plaintiff's Attorneys*

Daniel Massoglia
Dan Lastres*
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org

*Illinois Rule 711 Graduate Practicing pursuant to LR83.13.

**CERTIFICATE OF SERVICE**

I, Daniel Massoglia, an attorney, hereby certify that I caused this document to be served on all counsel of record on October 28, 2022 by filing it with the Clerk's CM/ECF system, which generates electronic notice to parties.

Respectfully submitted,

/s/ Daniel E. Massoglia
*One of Plaintiff's Attorneys*