# Exhibit 1 - Plaintiff's 11/18/22 LR37.2 Letter to Defendants Gardiner and Sikanich



601 S. California Ave., Chicago, IL 60612

November 18, 2022

Tom Carroll
Thomas R. Raines Attorney at Law, LLC
20 N. Wacker Dr., Suite 556
Chicago, IL 60606
tcarroll@traalaw.com
*Counsel for Defendants Gardiner and Sikanich*

Caroline Fronczak
Gregory Beck
Emily Bammel
Nicholas Perrone
Jordan Yurchich
City of Chicago Department of Law
2 N. LaSalle St. Suite 420
Chicago, IL 60602
Caroline.Fronczak@cityofchicago.org
Gregory.Beck@cityofchicago.org
Emily.Bammel3@cityofchicago.org
Nicholas.Perrone@cityofchicago.org
Jordan.Yurchich2@cityofchicago.org
*Counsel for Defendants Ferrara, Ing, Palka, Corona, Bilos, Smith, and City of Chicago*

<*sent via email to above-named recipients*>

### Re: 37.2 Conferral – Defendants Gardiner and Sikanich Written Responses

Good evening,

Plaintiff writes pursuant to LR37.2 as to issues with Defendants Gardiner and Sikanich's responses to written discovery. These Defendants have not responded completely with regard to multiple requests, outlined below.

Please let us know when you are able to discuss these issues the week of November 28, 2022.

### Interrogatories to Defendant Gardiner

### Interrogatory 4

This interrogatory sought information regarding other lawsuits that Defendant Gardiner had been involved in. The response appears to be incomplete as it does not include multiple civil actions related to orders of protection sought against or by Defendant Gardiner. Accordingly, it is incomplete and Plaintiff requests that Defendant supplement.



601 S. California Ave., Chicago, IL 60612

**Interrogatory 7**

This interrogatory sought records of Defendant Gardiner's prior arrests, whether expunged or not. Defendant objects principally that such evidence would not be admissible at trial. This objection is unfounded. Federal Rule of Civil Procedure 26(b) outlines that information "need not be admissible in evidence to be discoverable." This request seeks information that is proportional to the needs of the case, and relevant along multiple potential avenues—Plaintiff is not required to guess at what the answer might be to this question. Plaintiff requests that Defendant Gardiner answer the question.

**Interrogatory 12**

This interrogatory sought information regarding non-privileged communications Defendant Gardiner had regarding Benjamin George's arrest and prosecution, and this lawsuit. Defendant objects that this is overbroad and not "reasonably calculated to result in the discovery of admissible evidence." This is not the applicable legal standard following 2015 amendments to the Federal Rules of Civil Procedure. Defendant Gardiner's non-privileged communications regarding the events at issue in this lawsuit, and the lawsuit itself, are both relevant to the claims and defenses and proportional to the needs of the case. Also, the failure to respond on the basis that Defendant Gardiner does not have any written records of communications regarding the case or the events underlying it is both non-responsive and insufficient. Plaintiff is open to discussing ways to reduce burden on Defendant Gardiner involved in responding to this Interrogatory.

**Interrogatory 23**

This interrogatory sought information regarding City of Chicago disciplinary, oversight, and investigatory inquiries into the conduct of Defendants Gardiner and/or Sikanich. Defendant Gardiner objected and declined to answer on the grounds that "City of Chicago constituent entities" was vague. Plaintiff clarifies that this phrase refers to any department, division, component, or subpart of the City of Chicago (the corporate entity), including **but not limited to** the City Council, the Office of the Mayor, the Chicago Fire Department, the Chicago Board of Ethics, the Civilian Office of Police Accountability, the Chicago Police Department, and the Office of the Inspector General for the City of Chicago. Plaintiff requests that Defendant Gardiner answer now that the interrogatory has been clarified.

**Interrogatory 24**

This interrogatory sought information regarding Defendant Gardiner's use of social media and like platforms. Defendant Gardiner objected on the grounds of vagueness and relevance. The request is not vague: it asks whether Defendant Gardiner or his employees have kept or do keep tabs on people critical of him through social media. Also, the manner in which Defendant Gardiner uses social media as it pertains to residents of the Ward is relevant to, for example, the



601 S. California Ave., Chicago, IL 60612

scope of Alderman Gardiner's employment, which is disputed. Plaintiff requests that Defendant Gardiner provide a responsive answer.

**Interrogatories to Defendant Sikanich**

**Interrogatory 7**

This interrogatory sought records of Defendant Sikanich's prior arrests. Defendant objects principally that such evidence would not be admissible at trial. This objection is unfounded. Federal Rule of Civil Procedure 26(b) outlines that information "need not be admissible in evidence to be discoverable." This request seeks information that is proportional to the needs of the case, and relevant along multiple potential avenues—Plaintiff is not required to guess at what the answer might be to this question. Plaintiff requests that Defendant Sikanich answer the question. Plaintiff also notes that one of Defendant Sikanich's arrests is believed to be for impersonating a police officer, conduct which is clearly relevant given the conduct described in the Amended Complaint.

**Interrogatory 12**

This interrogatory sought information regarding non-privileged communications Defendant Sikanich had regarding Benjamin George's arrest and prosecution, and this lawsuit. Defendant objects that this is overbroad and not "reasonably calculated to result in the discovery of admissible evidence." This is not the applicable legal standard following recent amendments to the Federal Rules of Civil Procedure. Defendant Sikanich's non-privileged communications regarding the events at issue in this lawsuit, and the lawsuit itself, are both relevant to the claims and defenses and proportional to the needs of the case. Also, the failure to respond on the basis that Defendant Sikanich does not have any written records of communications regarding the case or the events underlying it is both non-responsive and insufficient. Plaintiff is open to discussing ways to reduce burden on Defendant Sikanich involved in responding to this Interrogatory.

**Interrogatory 23**

This interrogatory sought information regarding City of Chicago disciplinary, oversight, and investigatory inquiries into the conduct of Defendants Gardiner and/or Sikanich. Defendant Sikanich objected and declined to answer on the grounds that "City of Chicago constituent entities" was vague. Plaintiff clarifies that this phrase refers to any department, division, component, or subpart of the City of Chicago (the corporate entity), including **but not limited to** the City Council, the Office of the Mayor, the Chicago Fire Department, the Chicago Board of Ethics, the Civilian Office of Police Accountability, the Chicago Police Department, and the Office of the Inspector General for the City of Chicago. Plaintiff requests that Defendant Sikanich answer now that the interrogatory has been clarified.



601 S. California Ave., Chicago, IL 60612

## Requests For Production

**RFP 2**

Defendants object that a request for records of interactions among Defendants is overbroad. Plaintiff does not believe this to be an overbroad request, and clarifies that it was not intended to require production of the entirety of every communication ever occurring between Defendants Gardiner and Sikanich. Plaintiff thus restates the RFP as seeking communications between Defendant Gardiner and Sikanich regarding the arrest, prosecution, and lawsuit; and between Defendant Gardiner or Defendant Sikanich and the Officer Defendants on any topic. Please let us know if that alleviates the breadth concern.

**RFP 3**

This RFP sought correspondence created by or otherwise including Defendants Gardiner and/or Sikanich regarding Plaintiff or this lawsuit since August 19, 2019. Defendant Gardiner provided 5 pages of documents, and Defendant Sikanich provided none. Plaintiff believes this response to be incomplete. It does not include, for example, responses to media inquiries regarding the lawsuit, or discussion of how to respond to media inquiries regarding the lawsuit, which, in addition to being responsive, suggests that there are other categories of documents that may also be responsive but not produced. Plaintiff requests that this RFP be responded to in full.

**RFP 5**

This RFP sought documents related to Defendants' criminal convictions or arrests. Defendants objected on various grounds, and produced no records. Defendant Gardiner indicated that he did not withhold any records based upon his objections, as did Defendant Sikanich. Plaintiff requests that Defendant Sikanich confirm that he has no non-privileged records related to any of his arrests, including the currently pending firearms and official misconduct charges, as it is somewhat perplexing that a person would not have possession, custody, or control of any non-privileged records of an ongoing criminal prosecution against them. Defendant Sikanich is currently, for example, released on bond. Does he have documentation of the conditions of his release?

**RFP 7**

This Request sought text messages related to this lawsuit. Plaintiff believes Defendant Gardiner's response to this Request is incomplete. The five screenshots of text messages produced by Defendant Gardiner, JG 1-5, do not appear to display the complete conversations they covered. Furthermore, the Request is not limited to text messages sent or received on a phone issued by the City of Chicago. Plaintiff requests that Defendant Gardiner describe the search he performed of his phone and clarify whether he has searched personal and City-issued phones if he possesses both types of device.



601 S. California Ave., Chicago, IL 60612

Plaintiff believes Defendant Sikanich's response to this Request is incomplete. Defendant's response states that he is no longer in possession of his City-issued phone. The Request is not limited to text messages sent or received on the phone issued to him by the City of Chicago when he was a city employee, or indeed the phone or phones that he used while a City of Chicago employee. Plaintiff requests that Defendant Sikanich search his personal devices for responsive records. Plaintiff also requests that Defendant Sikanich answer whether he sent or received text messages on his City-issued phone (when it was in his possession) that would be responsive to the Request.

**RFP 8**

This Request sought records of the Board of Ethics investigation(s) into Defendant(s). Both Defendants objected to this Request on the basis that it is "overbroad and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence," stating further, "The subject matter of any such investigation has nothing to do with the subject matter of this lawsuit." Plaintiff contends that the Board of Ethics investigation of both Defendants is plainly relevant where Defendants' abuse of their government office is at the heart of Plaintiff's claim. He thus requests production of responsive records.

**RFP 9**

This Request sought records of the Federal Bureau of Investigation's investigation into Defendant(s). Both Defendants objected to this Request on the basis that it is "overbroad and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence," stating further, "The subject matter of any such investigation has nothing to do with the subject matter of this lawsuit, and no such matters have been adjudicated, bringing such matters within the ambit of evidence rule 609." First, analysis under FRE 609 is premature in the discovery stage where records need not necessarily be admissible to be considered relevant. Fed. R. Civ. P. 26(b). Documents related to the FBI's investigation into Defendants are relevant where Defendants' misuse of their governmental authority is central to Plaintiff's claims. Furthermore, FRE 609 is not the only mechanism for the admissibility of any material responsive to this RFP.

**RFP 10**

This Request sought records of the Cook County Democratic Party investigation(s) into Defendant(s). Both Defendants objected to this Request on the basis that it is "overbroad and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence," stating further, "The subject matter of any such investigation has nothing to do with the subject matter of this lawsuit." Defendants' misuse of their political office underlies all of Plaintiff's claims against them, and documents related to the Cook County Democratic Party's investigation are relevant to this theory, and could contain evidence of, among other things,



601 S. California Ave., Chicago, IL 60612

Defendants' modus operandi, motive, and opportunity in their malicious prosecution of Plaintiff. Plaintiff requests that Defendants respond to this RFP.

**RFP 14-18**

These Requests seek records of electronic messages, sent or received via several media, pertaining to various subjects germane to this lawsuit.

Defendant Sikanich responds, "None" to each request, indicating he has never discussed this lawsuit in writing in any electronic format. Plaintiff requests Defendant Sikanich confirm that is indeed the case. To the extent Defendant Sikanich interpreted this RFP to be seeking only "text, Signal, Facebook Messenger, email, Telegram, or WhatsApp messages sent and received" on his City-issued phone, Plaintiff clarifies that the request refers to any device through which Defendant Sikanich may have accessed the aforementioned messaging media.

Defendant Gardiner's response consists of 5 screenshots of text messages. As stated above regarding RFP 7, the messages produced do not appear to show the full relevant conversations. Plaintiff Requests that Defendant Gardiner confirm that JG 1-5 comprises the entirety of each and every message he has sent or received regarding Plaintiff, Robert Cantrell, and this lawsuit, since August 19, 2021, from any device.

Plaintiff acknowledges that RFP 19 was duplicative of RFP 15.

We look forward to resolving this issue at a conferral the week of November 28, 2022.

Best,

Daniel Massoglia

*One of Plaintiff's Attorneys*