# Exhibit 3 - Plaintiff's Interrogatories to Defendants Sikanich and Gardiner

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Benjamin George,<br><br>    Plaintiff,<br><br>v.<br><br>City of Chicago, James Gardiner, Charles Sikanich, Chicago Police Officers Solomon Ing (#4117), Peter Palka (#9413), Daniel Smith (#20066), Joseph Ferrara (#233), Sergio Corona (#3331), Ortiz (Star # unknown), and Unknown Chicago Police Officers.<br><br>    Defendants. | Case No: 20-cv-6911<br><br>Hon. Judge Blakey<br><br>Hon. Mag. Judge Jantz<br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO DEFENDANTS GARDINER AND SIKANICH**

Plaintiff BENJAMIN GEORGE, by and through his undersigned attorneys, requests that pursuant to Rule 33 of the Federal Rules of Civil Procedure, DEFENDANT CHARLES SIKANICH answer each of the following interrogatories, individually, separately, in writing, and under oath within thirty (30) days.

**Definitions**

1. The term "communication" as used herein means any oral or written exchange of words, thoughts or ideas to another person(s), whether person to person, in a group, by telephone, by letter, by telex or by any other process, electronic or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten or other readable documents, correspondence, memos, reports, contracts, drafts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, surveys, and forecasts.

2. The term "documents" as used herein means all original written, recorded, or graphic matters whatsoever and all copies thereof, including, but not limited to papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, tele-messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices,

1

announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilm, books of account, and all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing, all pleadings and other papers filed in any court in any jurisdiction, complaints, and other papers filed with any state or federal agency, witness statements, and all things similar to any of the foregoing, however denominated. In all cases where original or non-identical copies are not available, "document" also means identical copies of original documents and non-identical copies thereof.

3. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request to produce any documents which might otherwise be construed to be outside its scope.

4. "Relate" as used herein means, in addition to the customary and usual meaning, discuss or discussing, refer or referring, reflect or reflecting, assess or assessing, and record or recording.

5. "Plaintiff" means Benjamin George. Plaintiff will be referred to individually by his first and last name when appropriate.

6. "Report," as used herein, has the identical definition as "document" defined above.

7. The term "identify" means:
    a. with respect to a person, to provide the name, address, telephone numbers, and relationship to you of that person; and
    b. with respect to a document, means to provide the title, date, and author of the document and to identify all persons who received copies of the document.

8. Wherever appropriate, the singular form of a word shall be interpreted as plural.

9. "Police officer" includes any person who is employed by the City of Chicago Police Department, regardless of rank (e.g., Superintendent, Deputy Superintendent, Commander, Captain, Lieutenant, etc.) and regardless of whether the person is a sworn or civilian employee of the Department.

10. "Alderman" refers to Defendant Gardiner, Alderman of the 45th Ward of the City of Chicago.

11. "Ward Super" refers to Defendant Charles Sikanich, an employee of Streets and Sanitation in the City of Chicago.

2

General Instructions

12. Each question is to be answered completely and to its fullest extent.

13. In the event a question is unanswerable, previously disclosed, and/or objectionable, the question should be answered in relevant part to the extent it is not unanswerable, previously disclosed, and/or objectionable.

14. For each objection asserted on the grounds that disclosure would pose a legitimate safety concern to one of the Defendant Officers or a member of their family, please answer the question to extent it does not pose a legitimate safety concern. Additionally, please provide which specific aspects of the question you consider to pose a legitimate safety concern and the extent to which you are willing to consider providing equivalent supplemental answers.

15. For each objection asserted on the grounds that a particular question either assumes facts or misstates facts, please state specifically which facts in question you believe to be assumed or misstated. Additionally, please provide an answer to the best of your ability notwithstanding those facts which you believe to be assumed or misstated.

16. Wherever appropriate, the singular form of a word shall be interpreted as plural.

17. With respect to any document which Defendant withholds on a claim of privilege, provide a statement signed by an attorney representing Defendant setting forth:
    a. The name and sender(s) of the document;
    b. The name of the author(s) of the document;
    c. The name of person(s) to whom copies were sent;
    d. The job title of every person named in a), b), and c) above;
    e. The date of the document;
    f. The date on which the document was received by each person to whom the document was sent;
    g. A brief description of the nature and subject matter of the document;
    h. The statute, rule, or decision, which is claimed to give rise to the privilege.
    i. In producing the documents requested herein, Defendant should indicate the location of the file from which the document was obtained.
    j. Each document request herein shall be construed to include any documents which are later discovered by Defendant.

## INTERROGATORIES

1. Please state the names and addresses of each Person who participated in or was consulted regarding answering these interrogatories, the specific interrogatories as to which such Person answered or consulted, and, if applicable, the Person's official position or relationship with City of Chicago, the Department of Streets and Sanitation for the City of Chicago, or the Alderman of the 45th Ward of the City of Chicago.

**RESPONSE:**

2. Identify all, if any, disciplinary action taken by the City of Chicago and/or the Department of Streets and Sanitation for the City of Chicago, including actions by James Gardiner, against you during your tenure with Streets and Sanitation, or in your role as Ward Super for the 45th Ward of the City of Chicago, and the dates of such disciplinary actions.

**RESPONSE:**

3. Please identify all, if any, disciplinary action taken by the City of Chicago and/or the Department of Streets and Sanitation for the City of Chicago, including actions by James Gardiner, against you during your tenure in any other employment for the City of Chicago, including any other municipal agency, and the dates of such disciplinary actions.

**RESPONSE:**

4. Have you ever been a party to a lawsuit? If so, state:
    i. The court in which the case(s) was/were filed;
    ii. The year(s) filed;
    iii. The title and docket number(s) of the case(s); and
    iv. The outcome of said case(s).

**RESPONSE:**

5. Identify each of your employers, in chronological order, starting with your graduation from high school and including all current and part-time employment. In your answer include the following:
    i. The name and address of each employer;
    ii. The date you began such employment;
    iii. A general description of your job duties;
    iv. The date of termination of said employment;
    v. A general description of your job duties at the time of said termination;
    vi. The reason for your termination; and
    vii. Whether you were the subject of any employer discipline during your employment, and the facts and outcome thereof.

**RESPONSE:**

6. List each high school, college, university, graduate school, trade or technical school attended. For each institution provided, please state:
    i. The name of educational institution attended;
    ii. The dates attended;

4

    iii. Whether you were the subject of any disciplinary proceedings or actions during your time at said institution, and the facts and outcome thereof; and
    iv. What degree or certificate you received, if any, from said institution.

**RESPONSE:**

7. Have you ever been arrested, irrespective of whether the arrest has been expunged or sealed? If so, please state for each arrest:
    i. The date and location of arrest;
    ii. The arresting authority and names of all arresting officers;
    iii. Whether any criminal charges were filed in connection with the arrest and, if so, the jurisdiction and disposition of the arrest; and
    iv. Whether the records of the arrest have been expunged or sealed.

**RESPONSE:**

8. Identify, by full name any employees or coworkers of yours who had any contact with Plaintiff Benjamin George on August 19, 2019.

**RESPONSE:**

9. Identify all, if any, disciplinary taken against you by Alderman Gardiner or the Office of the 45th Ward Alderman of Chicago during your tenure with Streets and Sanitation for the City of Chicago and/or as Ward Super for the 45th Ward of the city of Chicago, and the dates of such disciplinary actions.

**RESPONSE:**

10. Identify, by full name and badge number, which City of Chicago Police Officers had any contact with you on August 19, 2019, describe those contacts and specify which officers assisted you in swearing out the criminal complaint against Plaintiff on August 19th, 2019.

**RESPONSE:**

11. Did you travel to Robert Cantrell's house on August 19, 2019, or call him on the phone? Please describe in detail any and all interactions with Robert Cantrell on that date, including, but not limited to, any discussion of his profession as a Chicago Firefighter, his living arrangements with Plaintiff, or any other matter. This request should be interpreted to include actions of any of your employers, employees, or coworkers, both current and former; these individuals should be identified by name and title.

**RESPONSE**

12. Identify each person with whom you have had any non-privileged communications regarding the arrest and prosecution of Benjamin George, and/or the present lawsuit. As to each person identified:

>A. Set forth the date of the communication;
>B. Set forth the nature of the communication;
>C. Identify any other person present when the communication occurred;
>D. Identify each document relating to such communication; and
>E. Identify the present custodian of any document identified in your answer to (D).

**RESPONSE:**

13. Did you speak with Plaintiff, by phone or in person, at any point on August 19, 2019? If so, please describe any such interaction in detail, including any profanity used in such an interaction.

**RESPONSE:**

14. Did you have any interactions with Plaintiff prior to or after August 19, 2019? If so, please describe any such interaction in detail.

**RESPONSE:**

15. Did you have any interactions with or approach Robert Cantrell, Plaintiff's former roommate and landlord, prior to or after August 19, 2019, including, but not limited to, returning to the area where he lived, even if you did not physically interact with him? If so, please describe any such interaction in detail.

**RESPONSE:**

16. Did you personally know any of the police officers of the 16th District police station prior to August 19, 2019? If so, please give the names of any such officer and describe the nature of the relationship.

**RESPONSE:**

17. Regarding the event in question, at what point did your discover your missing phone on August 19, 2019? Describe in detail your actions when you made this discovery and the actions you took afterwards.

**RESPONSE:**

18. Did you obtain the home address of Plaintiff on August 19, 2019, and if so, how?

**RESPONSE:**

19. Did you have any interactions with any of the police officers of the 16th District police station regarding this matter on or after August 19, 2019? If so, please describe such interactions in detail.

    **RESPONSE:**

20. Did any of your employers, employees, or coworkers have any interactions with any of the police officers of the 16th District police station regarding this matter on or after August 19, 2019? If so, please describe such interactions in detail to the best of your abilities.

    **RESPONSE:**

21. Did you or any of your employers, employees, or coworkers provide any direction to the police officers of the 16th District police station regarding how this case should be dealt with or charged? If so, please describe such instructions in detail.

    **RESPONSE:**

22. Did you make any posts on any social media or like messaging platforms (such as but not limited to Snapchat, Instagram Stories, Twitter Fleets) or direct any of your employees to do so regarding any of the following:
    i. A missing mobile phone;
    ii. Plaintiff's arrest;
    iii. Plaintiff's prosecution;
    iv. The instant lawsuit.

If so, please identify these posts by date and contents. This interrogatory serves as an instruction to preserve contents of said social media accounts

    **RESPONSE:**

23. Identify all disciplinary, investigatory, or oversight inquiries began or concluded by a City of Chicago constituent entity into your conduct of that of your employer. This interrogatory is limited to those actions begun after August 19, 2019 and continues to the present.

    **RESPONSE**:

24. Have you used any social media or like messaging platforms (such as but not limited to Snapchat, Instagram Stories, Twitter Fleets) or directed any of your employees to do so to monitor critics of your work or tenure as 45th Ward Alderman for the City of Chicago?

    **RESPONSE:**

25. When and where did you refer to Ben George as a "gypsy" or "fucking gypsy," and who was present?

**RESPONSE:**

Respectfully submitted,

/s/Elizabeth A. Homsy
*One of Plaintiff's Attorneys*

Elizabeth Homsy (#6307858)
The Law Offices of Elizabeth A. Homsy
2506 N. Clark St.
Suite 286
Chicago, IL 60614
P: 708-669-6148
E: eahomsy@gmail.com

Daniel Massoglia
First Defense Legal Aid
601 S. California Ave.,
Chicago, Illinois 60612
P: 708 797 3066
E: daniel@first-defense.org

8

## CERTIFICATE OF SERVICE

I, Daniel Massoglia, an attorney, hereby certify that I served a copy of the foregoing upon counsel of record by email on June 27, 2022.

                        Respectfully submitted,

                        /s/Daniel Massoglia