# Exhibit 5 - Plaintiff's RFPs to Defendants Gardiner and Sikanich

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Benjamin George,<br><br>Plaintiff,<br><br>v.<br><br>City of Chicago, James Gardiner, Charles Sikanich, Chicago Police Officers Solomon Ing (#4117), Peter Palka (#9413), Daniel Smith (#20066), Bilos (#21010), Joseph Ferrara (#233), Sergio Corona (#3331), Ortiz (Star # unknown), and Unknown Chicago Police Officers,<br><br>Defendants. | Case No: 20-cv-6911<br><br>Hon. Judge Blakey<br><br>Hon. Magistrate Judge Jantz<br><br>**JURY TRIAL DEMANDED** |

12/30/22 note: The original RFPs contained a duplicative caption with other Defendants' names; it is redacted for clarity and ease of reading. This document is otherwise unaltered.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS GARDINER AND SIKANICH

Plaintiff Benjamin George, by and through his undersigned counsel at First Defense Legal Aid, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby requests that Defendants Gardiner and Sikanich produce the following documents, objects, and tangible things within thirty days upon receipt of this request.

**Definitions**

1. The terms "Defendant" and "Defendants" means JIM GARDINER and CHARLES SIKANICH. The officers may also be referred to individually by last name and collectively as "Defendants" when appropriate.
2. The term "City" means the City of Chicago and any of its agents, employees, or representatives.
3. The term "communication" as used herein means any oral or written exchange of words, thoughts or ideas to another person(s), whether person to person, in a group, by telephone, by letter, by telex or by any other process, electronic or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten or other readable documents, correspondence, memos, reports, contracts, drafts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, surveys and forecasts.
4. The term "documents" as used herein means all original written, recorded or graphic matters whatsoever and all copies thereof, including, but not limited to papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, tele-messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, computer printouts, data processing input and output, microfilm, books of account, and all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing, all pleadings and other papers filed in any court in any jurisdiction, complaints, and other papers filed with any state or federal agency, witness statements, and all things similar to any of the foregoing, however denominated. In all cases where original or non-identical copies are not available, "document" also means identical copies of original documents and non-identical copies thereof.
5. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request to produce any documents which might otherwise be construed to be outside its scope.
6. "Relate" as used herein means, in addition to the customary and usual meaning, discuss or discussing, refer or referring, reflect or reflecting, assess or assessing, and record or recording.
7. "Plaintiff" in this case, means Benjamin George. Plaintiff will be referred to individually by first and last name when appropriate.
8. 7. "Report," as used herein, has the identical definition as "document" defined above.
9. 8. The term "identify" means:
   a. with respect to a person, to provide the name, address, telephone numbers, and relationship to you of that person; and

b. with respect to a document, means to provide the title, date, and author of the document and to identify all persons who received copies of the document.

10. Wherever appropriate, the singular form of a word shall be interpreted as plural.

11. "Person" means any natural person, individual, firm, cooperative, partnership, association, joint or legal or business entity, including, without limitation, any party to this litigation.

12. "Police officer" includes any person who is employed by the City of Chicago Police Department, regardless of rank (e.g., Superintendent, Deputy Superintendent, Commander, Captain, Lieutenant, Sergeant, etc.) and regardless of whether the person is a sworn or civilian employee of the Department.

## Instructions

1. In producing documents pursuant to these requests, the defendant shall indicate, by request number, the specific request(s) to which the documents are responsive. If a document is responsive to more than one paragraph of this request, it need only be produced once. However, the defendant shall identify each request to which it is responsive.

2. In response to these requests, the defendant shall produce all documents within its possession, custody, or control including those that it has effective power to obtain.

3. If any document responsive to a request herein was, but no longer is, within the defendant's possession, custody, or control, supply the following information:
   a. A summary of the contents of the document;
   b. What disposition was made of the document;
   c. The date of such disposition;
   d. Whether the original or a copy thereof is in the possession, custody, or control of any other person or entity; and
   e. If the answer to (4) above is affirmative, identify that person or entity.

4. With respect to each and every document (or portion thereof) that the defendant deems to be privileged, provide a statement setting forth the following:
   a. The date appearing on the document, or, if no date appears, the date on which the document was prepared;
   b. The name of the person(s) to whom the document was addressed;
   c. The type of document (e.g. memoranda, report, chart, etc.) and the number of pages;
   d. The name of each person, other than the addressee(s) identified in (2) above, to whom the document, or a copy thereof, was sent or shown or with whom the document was discussed;
   e. The name of the person(s) who signed the document, or, if not signed, the name of the person(s) who prepared it;

3

    f.   The name of each person making any contribution to the authorship of the document;

    g.   The job title or position of each person identified in (2), (4), (5) or (6) above;

    h.   The date the document was received or discussed by each of the persons identified in (2) and (4) above;

    i.   The general nature and description of the document, the subject matter of the document, and the number of pages of which it consists;

    j.   The name and business address of the person(s) who has custody of the document; and

    k.   The specific factual or legal ground(s) on which the claim of privilege rests.

5. With respect to each redaction of information on documents produced by the defendant, provide a statement setting forth the following:

    a.   The page or pages on which the redaction occurs;

    b.   The general nature or description of the information redacted, the subject matter of the redacted information, and the number of lines or pages that are redacted; and

    c.   The specific factual and legal grounds upon which you base your claim of privilege.

6. All requests herein are continuing in nature so as to require prompt supplemental responses when and if the defendant obtains additional information. Additional documents or information shall be produced promptly upon the defendant's acquisition, but not later than 30 days after such documents or information are received by the defendant.

## REQUESTS FOR PRODUCTION

1. All documents that pertain or relate to the occurrences alleged in Plaintiff's Complaint, including but not limited to, any and all statements, reports, photographs, investigative reports, court records, transcripts, orders, pleadings or any court papers, and/or opinions and statements of witness(s) or police officer(s) regarding each occurrence alleged in the Plaintiff's Complaint.

**RESPONSE:**

2. Any documents related to Defendants' interactions with Benjamin George, Bobby Cantrell, or any other individuals present during the occurrences alleged in Plaintiff's Complaint, both prior to and subsequent to August 19, 2019.

**RESPONSE:**

3. Any and all correspondence (electronic and hand-written) related to Plaintiff or this lawsuit, created by or otherwise including either Defendant Gardiner or Defendant Sikanich, in the matter of *George v. City of Chicago*, et al., Case No. 20 cv 6911, on or after August 19, 2019. This request only includes non-privileged communications, but if a privilege other than attorney-client privilege or attorney work product is asserted, that privilege must be specifically identified and the document identified.

**RESPONSE:**

4. Any and all blogs, Facebook posts, message board posts, electronic comments, emails, instant messages, phone call logs, text messages, Twitter posts, videos, ephemeral messages (Fleets, Snapchat messages, Instagram Stories), other social media posts, and other electronic communications of any type where Defendant Gardiner or Defendant Sikanich commented on Plaintiff or either incident alleged in the Complaint, or the instant lawsuit. If a record was once created, and is now inaccessible, please identify and explain.

**RESPONSE:**

5. Any and all documents related to any criminal convictions, charges (felony or misdemeanor) or arrests for both Defendant Gardiner and Defendant Sikanich within ten years prior to June 27, 2022.

**RESPONSE:**

6. Documents sufficient to show your financial condition, including but not limited to tax returns for the last five years, your most recent W2s, your bank statements for the last year, titles personally owned by you, deeds to property currently owned by you, investments, retirement plans

**RESPONSE:**

7. All text messages sent or received related in any way to this lawsuit following its filing to the present.

**RESPONSE**:

8. All documents related to the Board of Ethics invesigation into Defendant(s).

**RESPONSE:**

9. All documents related to the Federal Bureau of Investgation investigation into Defendant(s).

**RESPONSE:**

10. All documents related to the Cook County Democratic Party investigation into defendants.

    **RESPONSE:**

11. All documents identified in Defendants Initial Disclosures.

    **RESPONSE:**

12. All documents identified, relied upon, related to, or referred to in responses to Plaintiff's Interrogatories.

    **RESPONSE:**

13. All text, Signal, Facebook Messenger, email, Telegram, or WhatsApp messages sent and received on August 19, 2019.

    **RESPONSE:**

14. All text, Signal, Facebook Messenger, email, Telegram, or WhatsApp messages sent and received on August 19, 2019 related to Plaintiff or Robert Cantrell.

    **RESPONSE:**

15. All text, signal, Facebook Messenger, email, Telegram, or WhatsApp messages sent and received related to Plaintiff, Robert Cantrell, or this lawsuit.

    **RESPONSE:**

16. All text, Signal, Facebook Messenger, email, Telegram, or WhatsApp messages sent and received between Defendants and a member of the Chicago City Council related to this lawsuit.

    **RESPONSE:**

17. All text, Signal, Facebook Messenger, email, Telegram, or WhatsApp messages sent and received between Defendants and any Chicago police officer related to this lawsuit.

**RESPONSE:**

18. All text, Signal, Facebook Messenger, email Telegram, or WhatsApp messages sent and received on since January 1, 2019 to the present related to retaliation or adverse action against a resident of the 45th Ward.

    **RESPONSE:**

19. All text, signal, messenger, or WhatsApp messages sent and received on August 19, 2019 related to Plaintiff or Robert Cantrell.

    **RESPONSE:**

20. Any and all documents and physical evidence that you may offer at trial and which is not included in any other requests.

    **RESPONSE:**

21. Your timesheets for August 19, 2019, and August 19, 20, 21, and 2022 of *2021*.

    **RESPONSE:**

22. Any reimbursement request(s) or mileage log(s) for August 19, 2019.

    **RESPONSE:**

23. Records of any phone calls or text messages made to the lost cell phone on August 19, 2019 from the point when Defendant Sikanich left it at the 711.

    **RESPONSE:**

24. Any communications with workers at the 711 where Defendant Sikanich left his phone.

    **RESPONSE:**

Respectfully submitted,

/s/Daniel E. Massoglia

*One of Plaintiff's Attorneys*

Daniel Massoglia

First Defense Legal Aid
601 S. California Ave.,
Chicago, Illinois 60612
P: 708 797 3066
E: daniel@first-defense.org


Elizabeth Homsy (#6307858)
The Law Offices of Elizabeth A. Homsy
2506 N. Clark St.
Suite 286
Chicago, IL 60614
P: 708-669-6148
E: eahomsy@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel Massoglia, an attorney, hereby certify that I served a copy of the foregoing upon counsel of record by email on June 27, 2022.


Respectfully submitted,


<u>/s/Daniel Massoglia</u>