# Exhibit 6 - Defendant Gardiner's and Sikanich's Responses to Plaintiff's RFPs

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Benjamin George,                  ) | |
|                        ) | Case No.       20-cv-06911 |
|          Plaintiff,      ) | |
|                        ) | Hon. Judge Blakey |
| v.                        ) | |
|                        ) | Hon. Magistrate Judge Jantz |
| City of Chicago, James Gardiner,    ) | |
| Charles Sikanich, Chicago Police Officers ) | |
| Solomon Ing, Peter Palka, Daniel Smith,   ) | |
| Bilos, Joseph Ferrara, Sergio Corona,    ) | |
| Ortiz, and Unknown Chicago Police      ) | |
| Officers,                      ) | |
|                        ) | |
|          Defendants.     ) | |

## DEFENDANT JAMES GARDINER'S ANSWERS
## TO PLAINTIFF'S INTERROGATORIES

Defendant James Gardiner ("Defendant"), by and through his attorneys, responds or

objects to Plaintiff's Fed. R. Civ. P. Rule 33 Interrogatories as follows:

## REQUESTS FOR PRODUCTION

1.  All documents that pertain or relate to the occurrences alleged in Plaintiff's Complaint, including but not limited to, any and all statements, reports, photographs, investigative reports, court records, transcripts, orders, pleadings or any court papers, and/or opinions and statements of witness(s) or police officer(s) regarding each occurrence alleged in the Plaintiff's Complaint

RESPONSE:   Objection. The request is overbroad in its description of "all documents that pertain or relate to the occurrences alleged in the complaint." Given the more specific language contained after the word "including" describing the categories of documents which Plaintiff presumably seeks by this interrogatory, Defendants state that they are not in possession, custody or control of any such documents other than the original and First Amendment Complaint, with exhibits. Defendants are not withholding any documents subject to the objection.

2.  Any documents related to Defendants' interactions with Benjamin George, Bobby Cantrell, or any other individuals present during the occurrences alleged in Plaintiff's Complaint, both prior to and subsequent to August 19, 2019.

RESPONSE: Gardiner responds: Objection. The request is overbroad to the extent it seeks documents related to "any" interactions between the Defendant and any individuals present during the events alleged in the complaint, including interaction between the Defendant and such parties that have no relationship of any kind to the subject matter of this lawsuit. Defendant has not produced all documents relating to any kind of communication with Sikanich or any of the defendant officers that does not bear any reasonable relationship to the subject matter of this lawsuit. Notwithstanding the objection, See JG 1-5.

Sikanich responds: Objection. The request is overbroad to the extent it seeks documents related to "any" interactions between the Defendant and any individuals present during the events alleged in the complaint, including interaction between the Defendant and such parties that have no relationship of any kind to the subject matter of this lawsuit. Defendant has not produced all documents relating to any kind of communication with Gardiner or any of the defendant officers that does not bear any reasonable relationship to the subject matter of this lawsuit.

3. Any and all correspondence (electronic and hand-written) related to Plaintiff or this lawsuit, created by or otherwise including either Defendant Gardiner or Defendant Sikanich, in the matter of *George v. City of Chicago*, et al., Case No. 20 cv 6911, on or after August 19, 2019. This request only includes non-privileged communications, but if a privilege other than attorney-client privilege or attorney work product is asserted, that privilege must be specifically identified and the document identified.

RESPONSE: Gardiner responds, see JG 1-5.
Sikanich responds, none.

4. Any and all blogs, Facebook posts, message board posts, electronic comments, emails, instant messages, phone call logs, text messages, Twitter posts, videos, ephemeral messages (Fleets, Snapchat messages, Instagram Stories), other social media posts, another electronic communications of any type where Defendant Gardiner or Defendant Sikanich commented on Plaintiff or either incident alleged in the Complaint, or the instant lawsuit. If a record was once created, and is now inaccessible, please identify and explain.

RESPONSE: None.

5. Any and all documents related to any criminal convictions, charges (felony or misdemeanor) or arrests for both Defendant Gardiner and Defendant Sikanich within ten years prior to June 27, 2022.

RESPONSE: Gardiner responds: Objection. The request is overbroad in that it seeks information that is not discoverable, such as documents related to matter outside the scope of criminal convictions for felonies or for crimes involving dishonesty within the past 10 years, as set forth in Fed. R. Ev. 609. Gardiner is not withholding any documents pursuant to the objection.

Sikanich responds:     Objection. The request is overbroad in that it seeks information that is not discoverable, such as documents related to matter outside the scope of criminal convictions for felonies or for crimes involving dishonesty within the past 10 years, as set forth in Fed. R. Ev. 609. Sikanich is not withholding any documents pursuant to the objection. There are relevant documents which may exist in relation to an appropriate request of properly-limited scope, but Sikanich does not have any such documents in his possession, custody or control, and any such documents would be just as accessible to Plaintiff as to him.

6. Documents sufficient to show your financial condition, including but not limited to tax returns for the last five years, your most recent W2s, your bank statements for the last year, titles personally owned by you, deeds to property currently owned by you, investment, retirement plans

RESPONSE:   Objection. The request is overbroad and seeks information that is not reasonably related to the subject matter of this case. Neither defendants' financial condition is relevant to the subject matter of this case, and the Plaintiff cannot show a need for such information such that Defendants' respective private matters should have to be disclosed, with or without a protective order.

7. All text messages sent or received related in any way to this lawsuit following its filing to the present.

RESPONSE:   Gardiner responds:     See JG 1-5.
               Sikanich responds:     Defendant is not in possession, custody or control of any such text messages, and has no practical means to investigate further given that he is no longer a city employee or in possession of the phone he used while serving as a city employee. On information and belief, his former phone is now in the custody of the City of Chicago.

8. All documents related to the Board of Ethics investigation into Defendant(s).

RESPONSE:   Objection. The request is overbroad and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. The subject matter of any such investigation has nothing to do with the subject matter of this lawsuit.

9. All documents related to the Federal Bureau of Investigation's investigation into Defendant(s).

RESPONSE:   Objection. The request is overbroad and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. The subject matter of any such investigation has nothing to do with the subject matter of this lawsuit, and no such matters have been adjudicated, bringing such matters within the ambit of evidence rule 609.

10. All documents related to the Cook County Democratic Party investigation into defendants.

3

RESPONSE:   Objection. The request is overbroad and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. The subject matter of any such investigation has nothing to do with the subject matter of this lawsuit.

11. All documents identified in Defendants Initial Disclosures.

RESPONSE:   Gardiner responds:      None.
            Sikanich responds:      Defendant is not in possession, custody or control of any such documents.

12. All documents identified, relied upon, related to, or referred to in responses to Plaintiff's Interrogatories.

RESPONSE:   Gardiner responds:      None.
            Sikanich responds:      None.

13. All text, Signal, Facebook Messenger, email, Telegram, or WhatsApp messages sent and received on August 19, 2019.

RESPONSE:   Gardiner responds:      See JG 6-7. JG 7 is an attachment to JG 6.
            Sikanich responds:      None.

14.  All text, Signal, Facebook Messenger, email, Telegram, or WhatsApp messages sent and received on August 19, 2019 related to Plaintiff or Robert Cantrell.

RESPONSE:   Gardiner responds:      See JG 1-5.
            Sikanich responds:      None.

15. All text, signal, Facebook Messenger, email, Telegram, or WhatsApp messages sent and received related to Plaintiff, Robert Cantrell, or this lawsuit.

RESPONSE:   Gardiner responds:      See JG 1-5.
            Sikanich responds:      None.

16. All text, Signal, Facebook Messenger, email, Telegram, or WhatsApp messages sent and received between Defendants and a member of the Chicago City Council related to this lawsuit.

RESPONSE:   Gardiner responds:      None.
            Sikanich responds:      None.

17. All text, Signal, Facebook Messenger, email, Telegram, or WhatsApp messages sent and received between Defendants and any Chicago police officer related to this lawsuit.

RESPONSE:   Gardiner responds:      See JG 3-5
            Sikanich responds:      None.

18. All text, Signal, Facebook Messenger, email, Telegram, or WhatsApp messages sent and received on January 1, 2019 to the present related to retaliation or adverse action against a resident of the 45th Ward.

RESPONSE:   Gardiner responds:      None.
                        Sikanich responds:      None.

19. All text, signal, messenger, or WhatsApp messages sent and received on August 19, 2019 related to Plaintiff or Robert Cantrell.

RESPONSE:   Objection. The request is duplicative. Notwithstanding the objection, see JG 1-2.

20. Any and all documents and physical evidence that you may offer at trial and which is not included in any other requests.

RESPONSE:   None at this time. Investigation continues and Defendants reserve the right to supplement this response.

21. Your timesheets for August 19, 2019, and August 19, 20, 21, and 2022 of *2021*.

RESPONSE:   Gardiner responds:      None.
                        Sikanich responds:      Defendant is not in possession, custody or control of any such document.

22. Any reimbursement request(s) or mileage log(s) for August 19, 2019.

RESPONSE:   Gardiner responds:      None.
                        Sikanich responds:      Defendant is not in possession, custody or control of any such document.

23. Records of any phone calls or text messages made to the lost cell phone on August 19, 2019 from the point when Defendant Sikanich left it at the 711.

RESPONSE:   Gardiner responds:      None.
                        Sikanich responds:      Defendant is not in possession, custody or control of any such document.

Any communications with workers at the 711 where Defendant Sikanich left his phone.

RESPONSE:   Gardiner responds:      None.
                        Sikanich responds:      None.

Dated: September 16, 2022

                                            Respectfully Submitted,

                                            THOMAS R. RAINES ATTORNEY AT
LAW, LLC

                                            /s/ Thomas D. Carroll
                                            Thomas D. Carroll
                                            Attorney
                                            Thomas R. Raines Attorney at Law, LLC
                                            20 N. Wacker Dr., Suite 556
                                            T: (312) 750-1166
                                            E: tcarroll@traalaw.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record for the Defendants Sikanich and Gardiner, hereby certifies that on September 16, 2022 he served a copy of the Defendants' Gardiner and Sikanich's Responses to Requests for Production of Documents on all counsels of record via electronic mail.

                                            /s/ Thomas D. Carroll
                                            Thomas D. Carroll