IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Benjamin George,** | ) |
|          **Plaintiff,** | ) Case No. 20-cv-06911 |
| | ) Hon. Judge Blakey |
| v. | ) |
| | ) Hon. Magistrate Judge Jantz |
| **City of Chicago, James Gardiner, Charles Sikanich, Chicago Police Officers Solomon Ing, Peter Palka, Daniel Smith, Bilos, Joseph Ferrara, Sergio Corona, Ortiz, and Unknown Chicago Police Officers,** | ) |
|          **Defendants.** | ) **JURY TRIAL DEMANDED** |

**DEFENDANTS GARDINER AND SIKANICH'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

NOW COME the Defendants James Gardiner and Charles Sikanich, by and through their attorney Thomas D. Carroll of Thomas R. Raines Attorney at Law, LLC and for their Motion for Extension of Time to File Response to Plaintiff's Motion to Compel discovery responses, pursuant to Fed. R. 6(b)(1)(B) state as follows:

**INTRODUCTION**

Defendants Gardiner and Sikanich (the "Defendants") have prepared a response to the Plaintiff's Motion to Compel discovery responses pursuant to Fed. R. Civ. P 37. However, Defendants' counsel has just realized that he made a mistake in calendaring the date for filing the response, which was likely compounded by an illness that left him indisposed and out of the office during much of the last week, including on the date when the Response was actually due. Defendants request that the Court exercises its discretion to grant this motion so that the Motion

1

to Compel may be decided on the merits, including providing whatever additional time Plaintiff may need to file a Reply.

## FACTUAL BACKGROUND

Plaintiff filed its Motion to Compel certain discovery responses on December 30, 2022 (the "Motion"). On January 10, 2023, the court set a briefing schedule on the Motion, ordering Defendants to respond by January 20, 2023 and allowing a Plaintiff's reply by January 27, 2023. The matter is set for hearing on February 1, 2023 at 11:00 a.m.

Defendants' counsel, the undersigned, must have misread the order and entered the due date for a response on January 27, 2023. Compounding the error, Defendant's counsel fell ill with an apparent stomach virus on January 19, 2023, and was sick for 6 days, including several when he would normally have been in his office and might have noticed the error. It was only on the date of filing, January 27, 2023, after having drafted a response brief, that he noticed the error and his failure to account for the necessary time for Plaintiff to file a reply brief if he so chose.

Upon recognizing the error, Defendant's counsel immediately called one of Plaintiff's attorneys, Joseph DiCola, and explained the situation, asking if Plaintiff would object to the proposed extension. Mr. DiCola stated that the Plaintiff would object.

## ARGUMENT

This motion should be granted because certain aspects of the oversight were beyond the reasonable control of the movant's attorney, the length of the delay is minimal, there is little danger of prejudice to the Plaintiff, and the Defendants have acted in good faith and as quickly as possible once recognizing the error.

The Supreme Court has set forth a four factor test, rooted in equity, for making determinations under Rule 6(b)(1)(B). See *Pioneer Investment Svcs. Co. v. Brunswick Assoc., Ltd. Partnership*, 507 U.S. 380, 395 (1992). The factors are: (1) whether the delay was within the reasonable control of the movant; (2) the length of the delay and the delay's potential impact on judicial proceedings; (3) the danger of prejudice to the non-moving party; and (4) whether the movant acted in good faith. Based on those factors, the motion should be granted.

First, the error in calendaring was certainly within the reasonable control of the movant's attorney and he has no excuse to offer beyond excusable neglect. However, his illness, arising on January 19, 2023, very likely compounded the error by keeping him out of the office and indisposed for several days when he might otherwise have noticed the error and filed a more timely motion for extension. In fact, given that his illness kept him from doing much of anything for several days, it is unlikely that he would have been able to complete a timely filing of a response even if he had calendared it correctly. Defendant's counsel missed parts of four workdays in the last week between illness and medical appointments, and hopes the Court will consider that when ruling on this motion.

Second, the length of delay is relatively short – seven days from the appointed date. While Defendants acknowledge that all court dates are important and that re-setting briefing and hearing schedules is an inconvenience to be avoided whenever possible, within the scope of a sizable case with numerous parties in which fact discovery is still open until the end of March and no trial date has been set, a delay of a week is not likely to have a significant impact on the overall management of the case.

Third, there is minimal danger of prejudice to the Plaintiff if the motion is granted. Defendants understand Plaintiff's urgency in getting the discovery dispute resolved, and will not

claim to speak for the Plaintiff when it comes to the risk of prejudice. But surely, whatever issues need to be resolved and whatever the outcome of Plaintiff's Motion to Compel, the allowance of an extra week to resolve the matters on the merits would outweigh the risk of prejudice, and such allowance is not likely to make a significant difference in the Plaintiff's ability to prosecute his case.

Finally, Defendants certainly have not acted in bad faith as it pertains to this motion, having had no control over their attorney's scheduling practices, and their attorney simply made a mistake. He regrets the error and is embarrassed by what happened, but there is no basis to impute bad faith to his omission. Defendants' counsel notified the Plaintiff's attorney as soon as the error was discovered and asked if there would be an objection. He filed this Motion within hours of the discovery of his error.

Defendants have included a copy of their Proposed Response with this filing.

WHEREFORE, the Defendants, James Gardiner and Charles Sikanich pray that the Court:

(a) Grant their Motion for Extension of Time to file their Response to Plaintiff's Motion to Compel pursuant to Rule 6(b)(1)(B);

(b) Adjust the existing briefing schedule and hearing dates to accommodate Plaintiff's anticipate Reply; and

(c) for any additional relief that the Court deems just.

[*Remainder of Page Left Blank*]

Respectfully Submitted,
THOMAS R. RAINES
ATTORNEY AT LAW, LLC

/s/ Thomas D. Carroll
Thomas D. Carroll
Thomas R. Raines Attorney at Law, LLC
20 N. Wacker Dr., Suite 556
Chicago, IL 60606
T: (312) 750-1166
F: (312) 750-1164
tcarroll@traalaw.com

Dated: January 27, 2023

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record for the Defendants, hereby certifies that on January 27, 2023, he served a copy of the Defendants Gardiner and Sikanich's Motion for Extension of Time to File Response to Plaintiff's Motion to Compel on all counsel of record by electronic means via the Northern District of Illinois's Electronic Case Filing (ECF) system, which notifies all counsels and parties of record.

/s/ Thomas D. Carroll
Thomas D. Carroll