IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Benjamin George,** | ) | |
| | ) | Case No.    20-cv-06911 |
| Plaintiff, | ) | |
| | ) | Hon. Judge Blakey |
| v. | ) | |
| | ) | Hon. Magistrate Judge Jantz |
| **City of Chicago, James Gardiner,** | ) | |
| **Charles Sikanich, Chicago Police Officers** | ) | |
| **Solomon Ing, Peter Palka, Daniel Smith,** | ) | |
| **Bilos, Joseph Ferrara, Sergio Corona,** | ) | |
| **Ortiz, and Unknown Chicago Police** | ) | |
| **Officers,** | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## DEFENDANTS GARDINER AND SIKANICH'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

NOW COME the Defendants James Gardiner and Charles Sikanich, by and through their attorney Thomas D. Carroll of Thomas R. Raines Attorney at Law, LLC and for their Response to Plaintiff's Motion to Compel discovery responses state as follows:

### INTRODUCTION

Defendants Gardiner and Sikanich (the "Defendants") do not dispute the basic timeline of events set forth in Plaintiff's Motion to Compel, but object to some of the characterizations and insinuations contained withing the Motion's "Introduction and Factual Background." More importantly, while Defendants are willing to supplement their responses as discussed in the Motion and considering the Rule 37.2 conference between Plaintiff's and Defendants' counsels, there are a few categories of interrogatories and requested documents which fail the basic test of relevance to the matter at hand, as required for an appropriate discovery request under Fed. R.

1

Civ. P. rule 33 and, in particular, rule 34. For the specified requests discussed below, Defendants request that the Motion be denied.

## FACTUAL BACKGROUND

Defendants do not contest the basic timeline of events set forth in the Motion, but object to several of the insinuations and attempts to imply bad faith on their part or the part of their counsel set forth in the Motion's "Introduction and Factual Background."

To begin with, the insinuation on page 3 of the Motion that Defendant's counsel was somehow blocking or otherwise causing Plaintiff's counsel to be unable to call his office on the morning of December 22, 2022 is absurd. Defendant's counsel works in an office with several other people and does not usually directly answer calls to the main line. Plaintiff's counsel claims to have encountered a busy signal when he tried calling on two occasions, but to have gotten through on the third occasion, when he first dialed *67 "on a hunch." The obvious insinuation is that Defendant's counsel somehow blocked calls to his office.

If there is some technology by which a telephone customer can ensure that a particular number cannot get through to a landline before the call is even connected, causing a busy signal, Defendant's counsel is completely unaware of it. As hard as it may be to imagine in a world of on-demand communications, what very likely happened when Plaintiff's counsel encountered a busy signal is that the office's main and secondary lines were both in use – i.e., "busy." A possible alternative explanation is that there was some sort of temporary problem with the phone lines. Defendant's counsel regrets the spilling of ink on such trivialities, but such trivialities are not proper matters for a Motion before the Court.

Second, and more consequentially, neither Gardiner nor Sikanich has ever suggested that they would not attend a noticed deposition, nor refused to provide available dates. This matter

2

came up during the Parties Rule 37.2 conferral, and Defendant's counsel offered to provide any dates that wouldn't work for his clients, but it is ultimately incumbent on a party seeking a deposition to notice up a deposition before crying "foul."

Plaintiff's summary of facts is larded with suggestions that Defendants have been intentionally dilatory in responding to discovery. In fact, all of the parties have afforded one another time and made efforts at comity to get through the fact discovery phase of this litigation, including Defendants and their counsel. Numerous parties, including the Plaintiff, have supplemented discovery well past the original dates for disclosure, without anybody calling the conduct evasive or dilatory. Most recently, in light of this Motion, Defendant's attorney has had to deal with some personal matters, the serious illness of a close family member followed by a personal illness of frustrating endurance, which have hindered the speed of his responses to the current dispute. To the extent anybody's conduct in this matter has been dilatory, the blame lies squarely on Defendant's attorney, and he will accept whatever consequences come from that.

## THE CONTESTED REQUESTS

### Interrogatories

1. Interrogatories No. 4 to Gardiner and Sikanich were addressed when the parties met and conferred in December, and Defendants agree to supplement their respective responses.

2. Interrogatory No. 7 to Gardiner and Sikanich seeks information about their history of arrests, which is irrelevant to the matters at issue in this case, which concern their conduct on a particular day, for which neither was arrested. The request for information that may have been expunged or sealed is particularly intrusive and lacking in relevancy. Not only would information about the Defendants' arrest

history(ies) absent a conviction for a felony or some crime of dishonesty be inadmissible at trial, per Fed. R. Evid. 609, but the request is an unreasonable intrusion on the privacy of each Defendant in a civil matter, where their conduct on the day in question is all that is at issue. Defendants' primary objection set forth in the Answers was that the information sought is not "germane" (i.e., relevant) to any issue in the case.

3. Interrogatory No 12. to Gardiner and Sikanich is impermissibly overbroad and virtually impossible to answer. Defendants are probably not capable of relating every non-privileged conversation they may have had between the time of Benjamin George's arrest and the present regarding his arrest or the instant lawsuit. Further, Plaintiff clearly requests documents pertaining to the request in subsections (D) and (E) of the request, making the assertion that Plaintiff had not asked for written communications quite strange. Based on the Motion, it sounds as if Plaintiff wishes to know things like whether the Defendants discussed the day's events with any Ward office employees on the day in question, which is plainly a much narrower and more appropriate inquiry than a request asking them to recount every conversation or communication they've had on the subject of this lawsuit or its subject matter over nearly 4 years.

4. Interrogatory No. 23 to Gardiner and Sikanich, has been narrowed in scope after the parties' Rule 37.2 conference, and Defendants agree to supplement their respective responses.

5. Interrogatory No. 24 to Gardiner is completely irrelevant to the subject matter of this lawsuit, which does not involve social media, any party's use of social media, or any

4

actions which are alleged to have taken place on social media or as a result of communications which occurred on social media. Plaintiff's reference to Fed. R. Evid. 404(b) is curious given that it generally serves to *shield* witnesses from the introduction of evidence about their crimes, wrongs or acts, and given that what is requested in Interrogatory 24 does not even implicate a wrongful act. It is not at all clear why monitoring one's critics on social media would be deemed a crime or wrong in keeping with that rule.

## Requests for Production

1. RFP 2 to Gardiner and Sikanich was discussed during the Rule 37.2 conference and Defendants agree to supplement their response to the extent any such documents exist.

2. RFP 3 to Gardiner and Sikanich was discussed during the Rule 37.2 conference and Defendants agree to supplement their response to the extent any such documents exist.

3. RFP 5 to Gardiner and Sikanich is plainly overbroad and seeks a great deal of information that is not relevant to the instant lawsuit. Defendant Gardiner stated that despite the objection, he is not withholding any such documentation. The example which Plaintiff relies upon in Sikanich's case, the pendency of a criminal case against him for the alleged impermissible sale of a weapon while engaged in official employment is both unadjudicated, meaning evidence concerning it would be inadmissible at trial barring a conviction, and has nothing to do with the subject matter of this lawsuit.

4. RFP 7 to Gardiner and Sikanich was discussed during the Rule 37.2 conference. Defendant's counsel stated that he would inquire again whether any such communications exist. Defendant's do not object to the additional steps requested in the Motion pertaining to this request.

5. RFPs 8 and 10 to the Defendants are related to matters well outside the scope of this lawsuit, and therefore seek information which is irrelevant. Plaintiff does not bother to specify why he thinks any such "investigation," which, by its nature, is both sensitive and unconcluded, pertains to allegations of official misconduct of the kind which is alleged in the instant lawsuit. If the request sought information about any such investigations pertaining to the alleged incidents set forth in the instant lawsuit, the scope might be appropriate. As is, this request appears to be a fishing expedition.

6. RFP 9 is inappropriate for the same reasons RFP 8 and 10 are inappropriate. The FBI is not involved in investigating this civil matter, and evidence concerning the scope of any investigations on their part would be both incredibly sensitive, especially in Sikanich's case where there is a criminal matter pending, and irrelevant to the subject matter of this lawsuit.

7. RFPs 14-18 are appropriate requests, but it is not clear why the parties should have to participate in a hearing to determine whether they are actually in possession of such communications. They have done nothing to warrant such undue suspicion. Defendant's counsel is willing to further inquire and confirm that the production is complete, but parties are not required to electronically communicate about sensitive matters and many people do not.

**ARGUMENT**

1. Plaintiff's Requests to Which Defendants Maintain an Objection are Overbroad and Irrelevant to the Instant Lawsuit.

Defendants recognize that the scope of federal discovery is broad, but it is not unlimited, and the Plaintiff's arguments in favor of compelled production are extremely vague in their content and their insinuations of a connection to the instant lawsuit. See Fed. R. Civ. P 26(b)(1). "A party seeking such discovery should point to something that demonstrates that the requested documents are both relevant and proportional to the needs of the case, as Rule 26 dictates." *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-cv-4161, 2017 WL 5478297, at *4 (N.D. Ill. Nov. 15, 2017).

Document requests and interrogatories need not seek admissible evidence alone, but their relevance to the case at hand should be clear from their context. See *Trainauskus v. Jacob*, No. 21-cv-04311, 2023 WL 121818 (January 6, 2023). It is not at all clear why information about Defendants' social media activities or arrest history would be relevant to the instant matter, given that the instant matter concerns the Defendants' alleged conduct on a single day, pertaining to a connected sequence of events and a single affected individual – the Plaintiff. Plaintiff's Motion sheds no real light on the subject, drawing no throughline between the alleged conduct and the categories of information he seeks. The requests for documents pertaining to unrelated FBI investigations, Democratic Party investigations, City of Chicago Inspector General investigations and, in one case, Defendant Sikanich's involvement in a pending criminal matter involving alleged firearms infractions, are incredibly invasive, and have no obvious connection to this lawsuit.

Defendants do not deny that such categories of information might be relevant in some lawsuits. But here, where the alleged conduct at issue is very specific and of a specific character,

7

requests that seek to discover information about every instance in which the Defendants were arrested or investigated, even absent proof of guilt or a determination of wrongdoing, on the general premise that it might relate to the case, amount to a fishing expedition.

Magistrate Judge Weisman's recent Opinion and Order in *Trainauskus* is instructive on the question of relevancy in the context of written discovery requests. For convenience, a copy is attached as Exhibit 1. Judge Weisman denied the plaintiff's motion to compel relating to four requests. The first was a broad request for information about the defendants' history of suspensions from their employment as prison guards. The Judge denied the motion to compel an answer while observing that such a broad request could pertain to suspensions having no obvious relationship to the alleged wrongdoing in the case at hand, and therefore sought information that was irrelevant. See *Id*. at *2. Likewise, in this case, there is no substantial connection between the acts alleged in the Plaintiff's Complaint and the social media activities, arrest records, or the subjects of any inspector general, FBI or Democratic Party inquiries concerning the Defendants.

Judge Weisman's denial of the second request in *Trainauskus* is closely on-point to the instant controversy. The plaintiff requested detailed information about each defendant's arrest histories, including one defendant who, like Sikanich, was facing "serious criminal charges" at the time of the Order. The motion to compel an answer was denied on the basis of overbreadth, because it was not apparent what the arrest histories would have to do with the allegations in the civil case at hand. See *Id*. at *3. ("While Defendant Jacob appears to be facing serious criminal charges, it does not appear that those alleged crimes are related to Plaintiff's claims. Nor is it clear whether any other defendant has a criminal history or, more importantly, how that relates to Plaintiff's claims.") The same logic could just as easily be applied to inspector general

investigations, FBI investigations, or political party investigations, which have no apparent or alleged relationship to the matters at hand.

Judge Weisman's denial of the motion to compel on the fourth request is also instructive. The fourth request sought a wide array of potential reports, complaints, investigations, disciplinary actions or arrest incidents involving or pertaining to the defendant, including information pertaining to his pending criminal charges in an unrelated matter. See *Id*. at *4. ("[A]s with the prior requests, considering the request as written, there is no identified link between Defendant Jacob's alleged wrongdoing (both with respect to the pending criminal charges against Jacob and any other unknown discipline/offenses attributable to Jacob) and Plaintiff's claims."). The analysis is virtually the same as it pertains to Defendants' objections to the disputed requests for documents and interrogatory answers. Plaintiff seemingly wants to compel discovery of virtually any alleged or investigated act of wrongdoing in which either Defendant has ever been involved, including matters having no apparent nexus to the allegations of the Complaint, on the premise that they might turn something up.

It is not remotely relevant if the Defendants were (hypothetically) investigated for matters pertaining to their performance of duties as city employees, outside the actions alleged in this lawsuit or some similar circumstance, or were arrested in the 1990s for shoplifting. Discovery is broad by design, but it must seek information that is relevant to the allegations of the Complaint. It is not an invitation to dive into the entire life stories, good and bad, of anyone alleged to have committed acts giving rise to legal liability. Defendants respectfully request that the Motion be denied as to Interrogatories 7, 12 and 24, and document requests 5, 8, 9 and 10, because they are overbroad and seek information that is not relevant to the allegations of the complaint or this lawsuit in general.

2. Sanctions Under Rule 37(a)(5)(A) are Unwarranted Because the Defendants' Nondisclosure of Information and Objections were Substantially Justified.

Though Defendants concede that their production of documents about which some agreement was reached in December has been delayed due to circumstances involving their attorney, the objections set forth in their initial answers were well-founded, the attorneys participated in a Rule 37.2 conference in order to narrow the scope of the dispute and Defendants do not contest the production of any matters on which they reached agreement, yet there remain several good-faith disputes over the objections, addressed above. Sanctions are not warranted under the circumstances. Further, the Defendants should not be made to pay the costs of their opponent for delays that were attributable to the health condition of their lawyer or his family members, and there would have been unresolved disputes, presumably prompting a motion to compel from the Plaintiff, even if the resolved requests had been responded to by the time of the Motion's filing.

WHEREFORE, the Defendants, James Gardiner and Charles Sikanich pray that the Court:

(a) deny the Motion to Compel as it relates to Interrogatories 7, 12 and 24, and document requests 5, 8, 9 and 10, and

(b) Deny all requested relief by Plaintiff under Fed. R. Civ. P. 37(a)(5)(A), and

(c) for any additional relief that the Court deems just.

[*Remainder of Page Left Blank*]

>Respectfully Submitted,
>THOMAS R. RAINES
>ATTORNEY AT LAW, LLC
>
>/s/ Thomas D. Carroll
>Thomas D. Carroll
>Thomas R. Raines Attorney at Law, LLC
>20 N. Wacker Dr., Suite 556
>Chicago, IL 60606
>T: (312) 750-1166
>F: (312) 750-1164
>tcarroll@traalaw.com

Dated: January 30, 2023

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record for the Defendants, hereby certifies that on January 30, 2023, he served a copy of the Defendants Gardiner and Sikanich's Response to Plaintiff's Motion to Compel on all counsel of record by electronic means via the Northern District of Illinois's Electronic Case Filing (ECF) system, which notifies all counsels and parties of record.

>/s/ Thomas D. Carroll
>Thomas D. Carroll