WESTLAW CLASSIC

2023 WL 121818
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.

Trainauskas v. Jacob
United States District Court, N.D. Illinois, Eastern Division.   January 6, 2023   Slip Copy   2023 WL 121818   *(Approx. 5 pages)*

v.

Edward JACOB, et al., Defendants.

Case No. 21 C 4311
Signed January 6, 2023

### Attorneys and Law Firms

Brian Trainauskas, Pontiac, IL, Pro Se.

Benjamin J. Barr, Simerdeep Kaur, Illinois Attorney General's Office, Chicago, IL, for Defendants Edward Jacob, William E. Cox, Leonta Jackson.

### MEMORANDUM OPINION AND ORDER

M. David Weisman, United States Magistrate Judge

**\*1** This **matter** is before the Court on Plaintiff's Motion to Compel **Discovery**. ECF 87. The Court denies Plaintiff's motion, without prejudice, for the reasons discussed below.

### Background

Plaintiff, a *pro se* litigant, is currently an inmate at the Pontiac Correctional Center in Pontiac, Illinois. Previously, he was an inmate at Stateville Correctional Center in Crest Hill, Illinois ("Stateville"). Plaintiff alleges that several of his constitutional rights were violated when he was prohibited from visitation with his wife and mother following the imposition of a visitation "stop order." Plaintiff sued four prison administrators for the alleged violations.

The instant dispute arises from Defendants' Responses to Plaintiff's Request for Production of Documents. ECF 87-2. In essence, Plaintiff's requests for production seek information about whether and why Defendants have been suspended from their employment from June 21, 2018 to present; whether they have been **arrested** during the same time period, and Case: 1:21-cv-04311 Document #: 94 Filed: 01/06/23 Page 2 of 9 PageID #:420

whether any employee of any state correctional center [1] has been **arrested** during that same time period. *See* ECF 87-2 at 6-8. Additionally, concerning Defendant Jacob (formerly an assistant warden at Stateville), Plaintiff seeks: "[a]ll documents in Defendant's possession, custody or control related to Defendant Jacob's employment with the Illinois Department of Corrections," including any/all incident reports, investigation reports, **arrest** reports, and investigational interviews naming him as a party. *Id.* at 3. Plaintiff also seeks emails related to what he describes as Jacob's **arrest** for allegedly sexually assaulting a nurse at Stateville. Plaintiff also requests the docket number of that criminal case. [2]

In his motion, Plaintiff states that he requested this information to show "a pattern and practice of abuse" by Defendants. ECF 87-1 at 2. Defendants object to these requests on the grounds of **relevance**, as unduly burdensome and disproportionate to the needs of the case, and because personnel files of state officials are confidential. ECF 87-2 at 3-8. Defendants further assert that disclosing information from Defendants' personnel files may create a security risk. *Id.* at 6-8.

### Discussion

Federal Rule of **Civil** Procedure 26(b)(1) provides that "[p]arties may obtain **discovery** regarding any nonprivileged **matter** that is **relevant** to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "A party seeking such **discovery** should point to something that demonstrates that the requested documents are both **relevant** and proportional to the needs of the case, as Rule 26 dictates." *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-cv--4161, 2017 WL 5478297, at \*4 (N.D. Ill. Nov. 15, 2017); *see also Autotech Techs. Ltd. Partnership v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 440 (N.D. Ill. 2006) ("The initial inquiry in enforcement of any **discovery**

request is one of **relevance**."). "If **discovery** appears **relevant**, the burden is on the party objecting to a **discovery** request to establish the request is improper." *Doe v. Loyola Univ Chicago*, No. 18 CV 7335, 2020 WL 406771, at *2 (N.D. Ill. Jan. 24, 2020).

**\*2** A party may file a motion to compel under Federal Rule of **Civil** Procedure 37 whenever another party fails to respond to a **discovery** request or when its response is insufficient. Fed. R. Civ. P. 37(a). Courts have broad discretion in resolving such disputes. *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018).

We have reviewed the Plaintiff's disputed requests and address each in turn.

### Request I

The first disputed request from Plaintiff is as follows: "Identify each instance between the time period of June 21, 2018 – current date that any of the Defendants were suspended from their place of employment and state: a. Date of suspension: b. Reason for suspension: c. Name of office of person or superior who initiated said suspension." ECF 87-2 at 6.

Plaintiff's request broadly seeks information concerning any instance from (approximately) the last four and a half years in which any of the defendants were suspended from "their place of employment." At the outset, it is unclear how the requested information is **relevant** to Plaintiff's claims. That a defendant may have been suspended from work at some point over the last several years is not inherently **relevant** to Plaintiff's claims concerning the visitation stop order. For example, if a defendant had been suspended from employment for continual tardiness, it is unclear how that relates in any way to Plaintiff's claims. On the other hand, if any of the defendants have previously been suspended or disciplined for improperly denying visitation rights to Plaintiff or to other inmates (or for denying other related rights to inmates), that disciplinary action would be significantly more **relevant** to Plaintiff's claims. However, as written, Plaintiff's request seeks information that is beyond just possibly **relevant** information and is therefore overbroad. Thus, the Court denies Plaintiff's Motion to Compel as related to Request I, but the Court will permit Plaintiff to issue additional written **discovery** that is more narrowly tailored to **relevant** information within defendants' employment **histories**.

In determining that Request I is overbroad—and therefore not a proper **discovery** request—the Court need not address Defendant's other arguments. However, Defendants' assertion that personnel files of state employees are exempt from disclosure warrants a brief clarifying discussion. Defendant claims that personnel files of State employees are confidential and not available for public inspection pursuant to 80 Ill. Admin. Code § 304.40(a). While the Court does not doubt that personnel files of state employees are generally confidential, the focus of our inquiry is on whether the particular personnel files of the defendants in this lawsuit are **discoverable**.

As an initial **matter**, confidential information is exchanged in **discovery** quite frequently, pursuant to protective orders: "[c]onfidential information is customarily made available ... under a protective order, and the district court has substantial discretion to decide which information should be protected and to frame the order." *Ball Mem'l Hosp., Inc. v. Mutual Hosp. Ins., Inc.*, 784 F.2d 1325, 1346 (7th Cir. 1986). There is no indication that personnel files receive different treatment than other confidential information (e.g., a plaintiff's medical information in a personal injury case) that must be exchanged during the course of **discovery**. *See Davis v. Precoat Metals, a Div. of Sequa Corp.*, No. 01 C 5689, 2002 WL 1759828, at *4 (N.D. Ill. July 29, 2002) (ordering the disclosure of personnel files in **discovery**, consistent with an appropriate protective order, and permitting the redaction of private, non-**relevant** information within the personnel files).

**\*3** Moreover, in analogous § 1983 cases alleging police misconduct, several courts have held that personnel files of defendants are **discoverable** as they may lead to evidence admissible under Fed. R. Evid. 404(b). *See, e.g., Clark v. Ruck*, No. 13-cv-03747, 2014 WL 1477925, at *2 (N.D. Ill. Apr. 15, 2014) (collecting cases). However, courts also have limited **discovery** related to prison personnel files where those requests are not narrowly tailored or the **relevance** is unclear. *See, e.g., Blank v. Poeschl*, No. 19-cv-534, 2020 WL 5517334, at *1 (E.D. Wis. Sept. 14, 2020) (finding that conduct reports and personnel files "carry a high risk of misuse at a prison and should not be disclosed."); *Jones v. Horsley*, No. 1:18-cv-298, 2019 WL 8643831, at *1 (W.D. Mich. Apr. 3, 2019) (sustaining objection to production of correctional officer's personnel file where plaintiff had not demonstrated **relevance** and "[t]he security risks are real and outweigh plaintiff's interests in the personnel file"); *Johnson v. Holt*, No. 1:15-CV-336, 2016 WL 74818, at *3 (M.D. Pa. Jan. 7, 2016) (denying prisoner's motion to compel that was focused on information in prison staff personnel files where prisoner did not explain the **relevance** of the missing information to his case); *Ruffino v. Faucher*, No. 3:11-cv-297, 2012 WL 3637636, at *2 (D. Conn. Aug. 22,

2012) (denying prisoner's request for personnel files that was not narrowly tailored and directly related to the issues in the case).

Thus, to the extent Defendants broadly claim that information contained in a state employee's personnel file can never be disclosed pursuant to Rule 26 simply because it is "confidential," the Court disagrees with that assertion. The Court reserves further consideration of the security and privacy concerns that may be raised by Plaintiff's **discovery** requests until and unless Plaintiff submits more narrowly tailored requests, should the parties again reach an impasse. Further, the Court would be open to particular security concerns that might be implicated because plaintiff is proceeding *pro se*, and ways of mitigating those concerns.

### Request II

Plaintiff's second disputed request is as follows: "Identify each instance between the time period of June 21, 2018 – current date that any of the Defendants were **arrested**, or placed under **arrest** by state or federal authorities and state: a. Name of Defendant; b. Date of **arrest**; c. Date of charge for violation of any criminal statute; d. Name and statue of charge; e. Jurisdiction and case number of the charge; f. Disposition of said case." ECF 87-2 at 7.

Similar to Request I, this request is very broad and its **relevance** to Plaintiff's claims is unclear. While Defendant Jacob appears to be facing serious criminal charges, it does not appear that those alleged crimes are related to Plaintiff's claims. Nor is it clear whether any other defendant has a criminal **history** or, more importantly, how that relates to Plaintiff's claims. Plaintiff argues that the **arrest history** (and employment suspension **history**) of the defendants is **relevant** because it may show a "a pattern and practice of abuse" by Defendants. ECF 87-1 at 2. In his brief, Plaintiff cites to *Parrish v. Luckie*, 963 F. 2d 201, 205-206 (8th Cir. 1992) as support for this proposition. Additionally, Plaintiff asserts that evidence of prior abuse by prison or law enforcement personnel has been admitted by several courts, citing to *Barnes v. City of Cincinnati*, 401 F.3d 729, 741-42 (6th Cir. 2005) and *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 572 (1st Cir. 1989).

These cases do not support Plaintiff's position. First, in *Parrish*, the primary issue was whether the city of North Little Rock, Arkansas was vicariously liable under 42 U.S.C. § 1983 based on its failure to prevent misconduct by police officers. *Parrish*, 963 F.2d at 204. To establish North Little Rock's liability, the plaintiff was required to demonstrate that city officials had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action. *Id.* Here, municipal liability is not at issue. Plaintiff did not name any entity in his complaint that would be subject to municipal or *Monell* liability [3]; thus, it is unclear why showing a "pattern or practice of abuse" by individual defendants would be **relevant** to his claims. The other cases cited by Plaintiff (*Barnes* and *Gutierrez-Rodriguez*) pertain to admissibility issues that are not before this Court. The Court acknowledges that in certain cases, evidence relating to prior acts of a law enforcement officer or prison official may be admissible. However, what Plaintiff is asking for here is simply overbroad and not **relevant** to his claims.

*\*4* Thus, the Court denies Plaintiff's Motion to Compel as related to Request II due to a lack of **relevance** and overbreadth, but the Court will permit Plaintiff to issue additional written **discovery** that is more narrowly tailored to **relevant** information. As alluded to earlier, the nature of prior suspensions (and to a lesser degree, **arrests**) incurred by individual defendants will likely need to be significantly narrowed in order for Plaintiff to move forward with this line of inquiry.

### Request III

Plaintiff's third disputed request is as follows: "Identify each instance between the time period of June 21, 2018 – current date that any staff (correctional officer, lieutenant, major, etc.) of State [sic] Correctional Center were **arrested** or placed under **arrest** by state or federal authorities and state: a. Name of individual; b. Date of **arrest**; c. Date of charge for violation of any criminal statute; d. Name and statue of charge; e. Jurisdiction and case number of the charge; f. Disposition of said case." ECF 87-2 at 7-8.

Request III mirrors Request II except that it is expanded to include all staff of "State [sic] Correctional Center [4]" (i.e., inclusive of staff members who are not parties to the case and, for many of them, may know nothing about the case). Thus, for the same reasons articulated in denying Plaintiff's Motion to Compel as to Request II, *supra*, the Court denies Plaintiff's Motion to Compel as related to Request III. As with the previous requests, Plaintiff is permitted to issue additional written **discovery** that is more narrowly tailored to **relevant** information.

### Request IV

Plaintiff's fourth and final disputed request is as follows:

"All documents in Defendant's possession, custody, or control related to Edward Jacob's employment with the Illinois Department of Corrections, including but not limited any/all incident report(s) naming him as a party, any/all investigation report(s) naming him as party, and/all **arrest** report naming his (sic) as a party, and/all Illinois state police report naming him as a party, any/all investigational interview naming him as a party, any/all email regarding Defendant Jacob's **arrest** for the alleged sexual assault of a Wexford nurse at Stateville Correctional Center, any/all Will County Case/docket number naming Defendant Jacob as a Defendant any disposition of said case."

ECF 87-2 at 3.

While this request is more narrowly tailored than the prior requests in that it relates to only one specific defendant, it is still very broad and, as phrased, has very marginal **relevance** to Plaintiff's claims. Indeed, as with the prior requests, considering the request as written, there is no identified link between Defendant Jacob's alleged wrongdoing (both with respect to the pending criminal charges against Jacob and any other unknown discipline/offenses attributable to Jacob) and Plaintiff's claims. Thus, the Court denies Plaintiff's Motion to Compel as related to Request IV. Plaintiff may issue additional written **discovery** as to Defendant Jacob that is more narrowly tailored to **relevant** information.

## Conclusion

For the reasons set forth above, the Court denies Plaintiff's Motion to Compel **Discovery** [87]. Plaintiff may issue additional written **discovery** consistent with this Order.

*5 SO ORDERED.

## All Citations

Slip Copy, 2023 WL 121818

### Footnotes

| | |
|---|---|
| 1 | Alternatively, Plaintiff seeks only the **arrest** information concerning employees of Stateville; the wording of his request is unclear as to its scope. |
| 2 | It appears based on news reports that Jacob is facing criminal sexual abuse charges in Will County related to alleged incidents of abuse of other state prison employees. See, e.g.: https://www.shawlocal.com/the-herald-news/news/2022/12/02/former-stateville-prison-assistant-warden-faces-felony-sex-abuse-charges/#:~:text=Assistant%20warden%20terminated%20May%2010%2C%202021 & text=The%20charges%20were%20the%20result,staff%2C%20Illinois%20State%20Police%20said. |
| 3 | In any event, the State of Illinois and its departments would have sovereign immunity from a claim of municipal liability. See *Shelton v. Madigan*, No. 06 C 4259, 2007 WL 3341681, at *2 n. 2 (N.D. Ill. Nov. 6, 2007) |
| 4 | As previously mentioned, it is not clear whether Plaintiff meant to write "Stateville Correctional Center" or is instead asking for the **arrest history** of all staff at any state correctional center. At any rate, even if we construe the request more narrowly—where Plaintiff seeks information only regarding staff at Stateville—our **relevance** analysis is unchanged. |

**End of Document**     © 2023 Thomson Reuters. No claim to original U.S. Government Works.

Westlaw. © 2023 Thomson Reuters | Privacy Statement | Accessibility | Supplier Terms | Contact Us | 1-800-REF-ATTY (1-800-733-2889) | Improve Westlaw/Report an error

THOMSON REUTERS