## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Benjamin George,<br>                    Plaintiff,<br><br>          v.<br><br>City of Chicago, *et al*,<br>                    Defendants. | Case No: 20-cv-6911<br><br>Hon. Judge Blakey<br><br>Hon. Mag. Judge Jantz<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION FOR RULE 37 SANCTIONS AND FOR CIVIL CONTEMPT

Plaintiff Benjamin George, by and through his undersigned counsel, respectfully moves this Court pursuant to Fed. R. Civ. P. 37 and applicable law for the entry of monetary sanctions and a finding of civil contempt against Defendants Gardiner and Sikanich for their failure to comply with this Court's March 1, 2023 Order (Dkt. 104) compelling responses to certain written discovery requests, and in support thereof states as follows:

### BRIEF FACTUAL AND PROCEDURAL BACKGROUND

In September and October of 2022, Defendants Gardiner and Sikanich served responses to Plaintiff's written discovery requests, but their responses were insufficient. (A more detailed factual background of the process of procuring the initial responses, their deficiencies, and the responses themselves is described in and attached with Plaintiff's Amended Motion to Compel Discovery Responses, Dkt. 93.)

After a December 8, 2022 LR37.2 conferral, the parties agreed that Defendants would respond in writing by December 21, 2022 to Plaintiff's LR37.2 issues. Defendants did not respond by this date. On December 22, 2022, after Plaintiff's counsel reached out to counsel for Defendants Gardiner and Sikanich, Defendants' counsel contacted Plaintiff's counsel requesting additional time to respond until December 28, 2022. Plaintiff acceded to this extension but informed it would

be the last. On December 28, 2022, no response came from Defendants. Plaintiff subsequently filed a Motion to Compel Discovery Responses on December 30, 2022, and, shortly thereafter that same day, a slightly amended version of that same Motion. Dkt. 92-93.

The parties briefed the amended Motion in January and February of this year, and the Court heard argument on the matter on March 1, 2023. That day, the Court granted Plaintiff's Motion as to five requests (Interrogatories No. 7 and 12 and Requests for Production No. 8-10), denied it as to one request (Interrogatory No. 24), and also ordered compliance on five additional requests (Interrogatories No. 4 and 23 and Requests for Production No. 2, 3, and 7) that it held were mooted based on Defendants' prior representations and its Order that day. Dkt. 104; March 1, 2023 Hearing Transcript, attached as **Exhibit 1**. Per the Court's Order, Defendants were to comply and provide responses by March 17, 2023. Dkt. 104. As of the time of filing, Defendants have not provided responses to any of the outstanding items, and have not communicated to Plaintiff any explanation or justification for their non-compliance or any request for additional time to respond.

## ARGUMENT

### I.    SANCTIONS ARE APPROPRIATE UNDER RULE 37

Federal Rule of Civil Procedure 37(b) allows this Court to impose sanctions against Defendants for failure to comply with its March 1, 2023 Order to provide responses to discovery requests by March 17, 2023. The Rule reads in relevant part:

(b) FAILURE TO COMPLY WITH A COURT ORDER

(2) *Sanctions Sought in the District Where the Action Is Pending.*

(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

…

(C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b).

The burden of proof upon a plaintiff seeking discovery sanctions under Rule 37(b) is a preponderance of the evidence, consistent with the general presumption in federal civil cases and the absence of any separate and discrete standard in Rule 37. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 772-778 (7th Cir. 2016). Rule 37(b) sanctions typically require a showing of "bad faith, willfulness, or fault." *Langley by Langley v. Union Elec. Co.,* 107 F.3d 510, 514 (7th Cir. 1997); *but see Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 164 (7th Cir. 1994).

### A. Defendants Violated a Court Order with Bad Faith, Willfulness, or Fault

Here, the record shows that Defendants have failed to comply with a Court Order, and the nature of their conduct is sufficiently culpable to justify the imposition of sanctions. First,

Defendants unequivocally violated the Court's March 1, 2023 Order[1] and have offered no explanation for their failure to comply. Specifically, Defendants ignored the Court's decision to grant the Motion to Compel as to Plaintiff's Interrogatories Nos. 7 and 12 and Requests for Production Nos. 8-10 and to set a deadline for the ostensibly mooted other requests. Defendants did not request additional time to comply with the March 17, 2023 deadline, or acknowledge the passing of this date at all. They also did not make any attempt to abide by the Order, even partially, for example by responding to those requests the Court explicitly stated were not burdensome.[2]

The current delay and disobedience, which comes without rationale or justification, is at minimum unreasonable and at maximum in bad faith, and is in either case consistent with Defendants' prior arrogant approach to discovery in this action. Interrogatories No. 4 and 23 have not been in dispute for months. Defendants agreed at the December 8, 2023 LR37.2 conferral to provide answers by December 21, 2022 and did not. Dkt. 93-2 at 1. They again agreed to provide answers in their January 30, 2023 Response to the Motion, though without specifying a time frame, and did not. Dkt. 99 at 3-4. On March 1, 2023, they were Ordered to provide responses by March 17 and ignored the obligation.[3] This is sufficient to justify sanctions. *See, e.g.*, *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 643 (7th Cir. 2011) (Noting regarding the imposition of sanctions, "we weigh not only the straw that finally broke the camel's back, but all the straws that

---

[1] During the hearing, Defendants' counsel asked for March 17, 2023 as a deadline to respond, was allowed that date, and confirmed again when asked directly by the Court whether March 17, 2023 was still a good deadline for compliance that it was. **Exhibit 1**, pp. 4:8-18, 10:5-7.
[2] *See* **Exhibit 1**, p. 14:2-3, noting that it would not be burdensome for Defendants Gardiner and Sikanich to answer as to whom they recalled discussing the lawsuit and/or the arrest and prosecution of Ben George with; p. 9:1-5, noting, and counsel agreeing, that it would not be burdensome for Defendants Gardiner and Sikanich to provide information about any past arrests.
[3] Requests for Production Nos. 2, 3, and 7 also could have been mooted beginning on the day of their January 30, 2023 Response when Defendants agreed to respond, but still remain unaddressed.

the recalcitrant party piled on over the course of the lawsuit."); *see also Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997) (quoting *Marrocco v. General Motors Corp.*, 966 F.2d 220, 223 (7th Cir.1992) and noting that fault may be evinced by the reasonableness or lack thereof of conduct culminating in the violation).

The fact that James Gardiner and Charles Sikanich are, respectively, in a City Council runoff election and approaching trial for selling a machine gun to an undercover Alcohol, Tobacco, and Firearms Agent while on the clock for the City of Chicago is not a valid excuse to ignore months of discovery obligations and a court Order attempting to redress noncompliance with those obligations, and sanctions are warranted. *See Resol. Tr. Corp. v. Belvidere Med. Bldg. P'ship*, No. 93 C 1482, 1993 WL 462851, at *1 n.1 (N.D. Ill. Nov. 9, 1993) (fact of noncompliance with discovery obligations "substantially aggravated" where the conduct giving rise to a granted motion to compel was not cured within two weeks as ordered, but rather continued).

### B. An Order Requiring Payment of Expenses is an Appropriate Sanction

District courts have "wide latitude in fashioning appropriate sanctions." *e360 Insight, Inc.*, 658 F.3d at 642 (quoting *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir.1999)). Sanctions must be tailored to the specifics of the situation such that "a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Salgado v. General Motors Corp.*, 150 F.3d 735, 740 (7th Cir.1998). Rule 37(b)(2)(C)

At present, Defendants' conduct unfortunately does not justify the entry of a default judgment or other more drastic relief. As noted, however, Defendants Gardiner and Sikanich appear to have no interest in fulfilling their discovery obligations in this lawsuit, and require a reminder that doing so is not optional. A proportionate sanction is suggested by Rules 37(a)(5)(A) and 37(b)(2)(C), which require that a party losing a motion to compel, and a party disobeying a

discovery order, respectively, pay a movant's reasonable expenses incurred in bringing the motion provided the failure or objection was not substantially justified or if an award would otherwise be unjust. *See Second Chance Body Armor, Inc. v. Am. Body Armor, Inc.*, 177 F.R.D. 633, 634 (N.D. Ill. 1998) (analyzing expenses and sanctions under Rules 37(a) and (b) in tandem).

Here, there has been an unjustified pattern of delay, and now, blatant disregard for a clear judicial directive. There exist no circumstances known to Plaintiff that would render an award of expenses unjust, and such a monetary sanction is an appropriate response to the infraction before the Court.

## II.     AN ORDER OF CONTEMPT IS APPROPRIATE

In addition to monetary sanctions, an order of contempt is also appropriate. A party seeking an order of civil contempt must establish four things:

> (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply.

*S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010) (citing *Prima Tek II, LLC v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008)). The moving party must establish these items by clear and convincing evidence. *Id.* It is not necessary to a finding of contempt that a violation was "willful." *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 711 (7th Cir. 2014).

Here, Plaintiff can establish these prerequisites. First, The Court's March 1, 2023 Order unambiguously commanded Defendants to provide responses to discovery by March 17, 2023. Second, responses have not been provided, a violation of this command. Third, the violation is significant in that Defendants have not complied in *any* way with the Order, much less substantially. Finally, Defendants had more than two weeks to provide responses to ten total

discovery requests and made no attempt to satisfy their obligations, even partially, an effort that cannot be said to have been reasonable and diligent. This final aspect is exacerbated by the facts that 1) some of the underlying discovery requests overlapped, making compliance more simple; 2) some of these requests have been undisputed and overdue for more than three months; and 3) Defendants offered no explanation for their violation and did not seek additional time to comply. As a result, a finding of contempt would be appropriate.

WHEREFORE, Plaintiff Benjamin George respectfully requests this Honorable Court enter an Order: a) imposing a monetary sanction against Defendants Gardiner and Sikanich in the amount of the reasonable expenses caused by their recalcitrant actions in discovery, specifically, those incurred in bringing the Motion to Compel and instant Motion; b) entering an order holding Defendants Gardiner and Sikanich in civil contempt of court for their conduct with regard to the March 1, 2023 Order; and c) for any other such relief as this Court deems equitable and just.

Respectfully submitted,

/s/Daniel Massoglia

*One of Plaintiff's Attorneys*

Daniel Massoglia
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
P: 708-797-3066
E: daniel@first-defense.org
*One of Plaintiff's Attorneys*

## CERTIFICATE OF SERVICE

  I, Daniel Massoglia, an attorney, hereby certify that I served a copy of this document on March 20, 2023 on all counsel of record by filing it with the Court's CM/ECF system, which generates electronic notice to counsel.


        Respectfully submitted,

            /s/Daniel Massoglia
            *One of Plaintiff's Attorneys*