# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BENAJMIN GEORGE,<br>   Plaintiff,<br>v.<br><br>THE CITY OF CHICAGO, James Gardiner, Charles Sikanich, Chicago Police Officers Solomon Ing (#4117), Peter Palka (#9413), Daniel Smith (#20066), Bilos (#21010) Joseph Ferrara (#233), Sergio Corona (#3331), Ortiz (Star # unknown), and Unknown Chicago Police Officers<br><br>   Defendants. | Case No: 20-cv-6911<br><br>Hon. Judge Blakey<br><br>Hon. Mag. Judge Jantz<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S REPLY TO DEFENDANT CITY OF CHICAGO'S RESPONSE TO HIS MOTION FOR LEAVE TO TAKE ONE ADDITIONAL DEPOSITION

Plaintiff Benjamin George, by and through his undersigned counsel, replies in support of his Motion, stating as follows:

1. On August 19, 2019, Defendants Corona, Ing, Gardiner, and Sikanich traveled to Plaintiff's home on August 19, 2022 and interacted with Robert Cantrell, including, *inter alia* calling his roommate and tenant, Plaintiff, a piece of shit and a gypsy, asking Cantrell if he was a Chicago firefighter, telling Cantrell "we all make mistakes" (referring to the purported theft of a lost phone), asking Cantrell why he let a Plaintiff live in the home.

2. That day, and the following day, Defendant James Gardiner exchanged text messages and calls with James McKeag about these events. **Exhibit 1**, McKeag-Gardiner text messages.

3. James McKeag is a lieutenant in the Chicago Fire Department who on August 19, 2019 was the direct supervisor of Plaintiff's roommate and landlord Robert Cantrell. When he

learned that Defendants had traveled to Robert Cantrell's and Plaintiff's home, McKeag attempted to contact Gardiner to inquire what was going on.

4. In his texts with Gardiner the day following the incident, Defendant Gardiner informs McKeag "we called off the dogs on yr guy." **Exhibit 1**. James McKeag expressed dismay at Defendants' actions, writing, "why was he fucked with in the first place. All over a phone?" **Exhibit 1**.

5. McKeag's testimony is thus squarely relevant to Plaintiff's claim. From the text messages, it is apparent that he has direct knowledge of Defendant Gardiner's "call[ing] off the dogs" on either Cantrell or Plaintiff, and by extension, presumably siccing the dogs on them in the first place—the nature of Defendants' conduct as it pertained to the police, the Plaintiff, and the lost phone. Whether "the dogs" refers to Defendant Sikanich or Defendant Officers, in either case, McKeag's impression that state authorities had been "fuck[ing] with" a civilian over Sikanich's missing cell phone bears directly on the matter before the Court.

6. Plaintiff is not claiming that McKeag is in any way culpable for Defendants' conduct. He is not claiming that Cantrell ultimately suffered employment consequences as a result of Defendants' visit to the home. And he does not intend to—and has never indicated that he intended to—subject McKeag to an invasive or lengthy deposition on every matter under the sun.

7. But despite the Response's statement stated that other than knowing Cantrell and Defendant Gardiner, McKeag has "nothing else to offer related to this case," Plaintiff should not be required to rely on a summary reportback of an unsworn interview of an important witness conducted by an adverse party's counsel. Plaintiff does not know, for example, whether McKeag was even shown Defendant Gardiner's text messages to him in an effort to refresh his recollection, or how the existence of these texts was posed to McKeag. He also does not know whether

Defendants' counsel asked him about his phone call or calls to Defendant Gardiner on August 19, 2019. Ultimately, he should be allowed to ask his own questions of the witness consistent with the truth-seeking and adversarial operation of litigation.

8. And despite the Response's suggestion that Plaintiff simply ask Defendant Gardiner to recount the details of the interaction instead, there is significant value in obtaining the independent testimony of a witness who does not have a party interest as a Defendant in the matter.

9. Plaintiff is happy to limit the scope of questioning at a deposition to relevant matters pertaining to McKeag's interactions with Defendants and his knowledge of the lost cell phone, and to work with counsel for the City, or McKeag, to try to craft an appropriate and proportional investigation.

10. Plaintiff did not pursue a formal LR37.2 conferral with Defendants on this topic because he is seeking leave of Court under Rule 30 to notice an additional deposition, not seeking to compel anyone to do anything under Rule 37. Plaintiff asked whether Defendants would oppose his request for leave, and the City indicated that it did, which Plaintiff indicated when he filed his Motion. If Plaintiff has misinterpreted the scope of LR37.2, he is happy confer in good faith with Defendants and defer his request for leave to notice the deposition until after an accord can or can not be reached.

11. Ultimately, Plaintiff has made the required particularized showing for the need of deposing Mckeag, such a deposition would be proportional to the needs of the litigation and not duplicative or otherwise objectionable, and this Court should grant leave consistent with Rule 30(a)(2)'s instruction that leave for more than 10 depositions "must" be granted provided the prerequisite showing is made. Fed. R. Civ. P. 30(a)(2); *see PeopleFlo Mfg., Inc. v. Sundyne, LLC*, No. 20 CV 3642, 2022 WL 1062706, at *2 (N.D. Ill. Apr. 8, 2022).

WHEREFORE, Plaintiff Benjamin George respectfully requests that this Court enter an Order granting leave to take the additional deposition of Jim McKeag.

                                                                  Respectfully submitted,

                                                                    _/s/ Daniel E. Massoglia_

                                                                    One of Plaintiff's Attorneys

Daniel Massoglia
Dan Lastres
First Defense Legal Aid
601 South California Avenue
Chicago, Illinois 60612
708.797.3066
daniel@first-defense.org

## **CERTIFICATE OF SERVICE**

      I, Daniel Massoglia, an attorney, hereby certify that a copy of the above document was filed on March 20, 2023 using the CM/ECF system, which generates electronic notice to all counsel of record on this case.

                Respectfully Submitted,

                              Daniel E. Massoglia

                              *One of Plaintiff's Attorneys*